UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | CASE NO. **C-1-00-855** |
| | : | |
| Plaintiff | : | MAGISTRATE **JUDGE HOGAN** |
| | : | |
| vs. | : | |
| | : | **SUPPLEMENTAL ANSWER** |
| **MILFORD TOWING & SERVICE,** | : | **OF THE DEFENDANTS MILFORD** |
| INC., et al. | : | **TOWING & SERVICE, INC. AND** |
| | : | **QUENTIN KLUTE** |
| Defendants | : | |

Now come Defendants, by and through their undersigned counsel, and for their Supplement Answer to the Complaint of the Plaintiff hereby state as follows:

**FIRST DEFENSE**

1. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2. Denying, as set forth below, the assertions of the Plaintiff in his Complaint, Defendants state that the Plaintiff has waived his claims with respect to all of his allegations.

**THIRD DEFENSE**

3. Denying, as set forth below, the assertions of the Plaintiff in his Complaint, Defendants state that the Plaintiff has waived his claims with respect to all of his allegations.

**FOURTH DEFENSE**

4. Denying, as set forth below, the assertions of the Plaintiff in his Complaint,

        Defendants state that the actions of the Plaintiff during the period alleged by him in his Complaint bar him from recovery under the "clean hands" doctrine.

### FIFTH DEFENSE

5.     Denying, as set forth below, the assertions of the Plaintiff in his Complaint, Defendants state that were any such allegations based in fact, Plaintiff must yet be barred from recovery under the doctrine of laches.

### SIXTH DEFENSE

6.     Defendants admit the prefatory comments contained in paragraph 1 of the Complaint and incorporate the defenses herein above set forth.

7.     Defendants admit the Court's jurisdiction with respect to Title VII, but reserves and, therefore deny Plaintiff's claims of jurisdiction predicated upon the number of employees includable under 42 U.S.C. § 2000e(b)e, and, further deny that the proceedings before the EEOC were sufficient to satisfy the necessary conditions precedent to the filing of this action.

8.     Defendants admit the allegations contained in paragraphs 3, 4 and 5 of the Complaint.

9.     Defendants admit the allegations contained in the first sentence of paragraph 6 of the Complaint and further admit that the Plaintiff was re-employed by the company in 1993. Defendants deny the balance of the allegations contained in paragraph 6.

10.     Defendants admit that Milford Towing and Service, Inc. hired Defendant, Quentin Klute, the grand-nephew of Don Trammell, as the adjacent Service location to act

        as manager and that in so acting he was Plaintiff's immediate supervisor. The balance of paragraph 7 of the Complaint is denied.

11. Defendants deny the allegations contained in paragraphs 8, 9, 11 and 12 of the Complaint. Defendants deny, for want of knowledge, the allegations contained in the first sentence of paragraph 10 of the Complaint and deny the balance of the allegations of said paragraph.

12. With regard to paragraph 13 of the Complaint, Defendants acknowledge that on or about September 3, 1999, Plaintiff was disciplined for leaving work without permission several hours early on the previous day leaving one or two automobiles unfinished and undeliverable to customers. Defendants state that the Plaintiff quit and failed to return to work after September 3, 1999. To the extent inconsistent with the foregoing, Defendants deny the allegations contained in paragraph 13 of the Complaint.

13. Defendants admit allegations contained in paragraphs 14 and 15 of the Complaint.

14. Defendants deny the allegations contained in paragraphs 16 and 17 of the Complaint and, for want of knowledge deny the allegations contained in paragraph 18 thereof.

15. Defendants deny the allegations contained in paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 of the Complaint.

### SEVENTH DEFENSE

16. The Plaintiff has failed to mitigate his damages.

        RESPECTFULLY SUBMITTED,

/S/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Defendant
Milford Towing & Service, Inc.
2300 Kroger Building
1014 Vine Street
Cincinnati, OH  45202
Tele  (513) 381-6600
Fax   (513) 381-4150
E-Mail:  mbyrne@jksmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jennifer Lynn Branch<br>Laufman & Gerhardstein<br>Attorney for Plaintiff Stanley Herbert<br>1409 Enquirer Building<br>617 Vine Street<br>Cincinnati, OH  45202<br>Jbranch@laufgerhard.com | Robert Franklin Laufman<br>Laufman & Gerhardstein<br>Attorney for Plaintiff Stanley Herbert<br>1409 Enquirer Building<br>617 Vine Street<br>Cincinnati, OH  45202<br>rlaufman@laufgerhard.com |

I also hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

James A. Hunt, Hunt
Nichols & Schwartz
Attorney for Defendant Quentin Klute
97 Main Street
Batavia, Ohio  45103

/S/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
Attorney for Defendant
Milford Towing & Service, Inc.