UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | CASE NO. **C-1-00-855** |
| | : | |
| Plaintiff | : | MAGISTRATE **JUDGE HOGAN** |
| | : | |
| vs. | : | |
| | : | **MOTION IN LIMINE TO EXCLUDE** |
| **MILFORD TOWING & SERVICE,** | : | **ANY EVIDENCE RELATING TO** |
| INC., et al. | : | **PLAINTIFF'S EMOTIONAL** |
| | : | **DISTRESS, HIS VISITS TO** |
| Defendants | : | **CLERMONT COUNTY CLINIC FOR** |
| | : | **TREATMENT OR TESTIMONY** |
| | : | **OF JENNIFER WILHELM** |

Now come the Defendants, by and through counsel, and hereby request that the Court

exclude any evidence relating to Plaintiff Stanley Herbert's emotional distress, his visits to the

Clermont County Mental Health Center, including his medical records and testimony of Jennifer

Wilhelm.  A memorandum in support of said motion follows herein.

RESPECTFULLY SUBMITTED,


/S/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Defendant
Milford Towing & Service, Inc.
2300 Kroger Building
1014 Vine Street
Cincinnati, OH  45202
Tele  (513) 381-6600
Fax   (513) 381-4150
E-Mail:  mbyrne@jksmlaw.com


**MEMORANDUM**

On July 12, 2002, this Court issued an order relating to the motions for summary

judgment.  As a result of the Court's decision, the only claims remaining for trial are:

1.    Plaintiff's claim for retaliation and constructive discharge under Title VII and

Ohio Revised Code § 4112.02(I)'s opposition clause (Doc. 39, p. 23);

2.    A claim for retaliation under Title VII and Ohio Revised Code § 4112.02(I)'s

participation clause (Doc. 39, pp. 24-25); and

3.    A state law claim for post employment slander (Doc. 39, p. 26)..

All claims relating to sexual harassment were dismissed with prejudice and any claims for

negligent or intentional infliction of emotional distress were dismissed without prejudice.  (Doc.

39 Order at pp. 21, 29)

In the Proposed Pretrial Order, the Plaintiff indicates he intends to introduce at trial the

testimony of Jennifer Wilhelm, MSW, LISW, Mr. Herbert's medical records, and testimony as to

Plaintiff's emotional distress.  This evidence should be excluded for the following reasons.

Initially this Court's Order regarding summary judgment requires the exclusion of this

evidence.  The Court indicated that the Plaintiff could state a viable retaliation claim under Title

VII by proving that the Defendants retaliated against him for making a reasonable complaint

about what Plaintiff in good faith believed to be unlawful conduct by Defendant Klute.  (Djoc.

39, p. 23)  Thus, the Court held that genuine issues of fact exist as to whether Plaintiff's

opposition was reasonable, whether it was based on a good faith belief that Klute's conduct was

unlawful, and whether it in fact was the reason for any adverse employment action that the

Defendants may have taken against Plaintiff.  (Doc. 39, p. 23)  Accordingly, a genuine issue of

material fact exists as to whether such adverse employment action amounted to a constructive

discharge.  Nevertheless, the Court noted that "in determining whether a constructive discharge

occurred, the jury is limited to considering the adverse actions taken in response to Plaintiff's

complaint about the alleged harassment and may not consider the alleged harassment itself which

2

is not actionable under Title VII." (Doc. 39 Order, p. 23, fn.3)

The Court further stated in its opinion with regard to the negligent intentional infliction of emotional distress claims that all evidence of emotional distress produced by Plaintiff is attributed exclusively to Defendant Klute's alleged harassment. (Doc. 39 Order, pp. 27-28) Because Plaintiff produced nothing suggesting any other emotional distress was caused by conduct other than Defendant Klute's harassment, the emotional distress claims were dismissed. The Court declined to exercise supplemental jurisdiction over such claims. As a result, Plaintiff's claim for emotional distress is no longer relevant to the matter. (Doc. 39 Order, p. 29)

Secondly, Plaintiff Herbert's own admissions require exclusion of this evidence. In his declaration, Herbert provides the reasons why he believes he was constructively discharged. In paragraph 9 of his declaration, Stanley Herbert states, "Because Mr. Klute stopped assigning me work on September 2nd, and sent me home without pay on September 3rd, docked my holiday pay and changed my working hours, I believe he was trying to make me quit. His actions and words made it clear to me that my job at Milford Towing had drastically changed because I told him to stop goosing me. I left that day and did not return. I did not ask for a raise on September 2nd and therefore did not quit because of not getting a raise. Nor did I quit because of the dispute regarding my starting time as alleged by Bill Garner." (Exhibit "A" at ¶ 9 attached hereto)

Third, in the declaration of Jennifer Wilhelm, she states, "Mr. Herbert has been diagnosed by Clermont Counseling Center with post traumatic stress disorder as a result of the sexual harassment he received at Milford Towing while he was a mechanic there." (Declaration of Jennifer Wilhelm at ¶ 4) (attached as Exhibit "B" and incorporated by reference).[1] There is

---

[1]     Logically, if the acts of which Plaintiff complains are not sexual harassment, then by law the emotional distress cannot be damages caused by Defendants' alleged

3

nothing in Wilhelm's declaration which indicates any of the treatment Herbert received was the

result of a constructive termination.  Furthermore, a review of the medical records produced by

Plaintiff clearly indicates that Ms. Wilham did not exclusively treat Plaintiff.  Therefore, such

records would be inadmissible.[2]

The Defendants respectfully request that their motion in limine be granted.  As such, no

testimony relating to emotional distress regarding any alleged harassment should be introduced.

This includes any testimony by Plaintiff, the introduction of his medical records, or testimony

from Jennifer Wilhelm.

RESPECTFULLY SUBMITTED,


/S/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Defendant
Milford Towing & Service, Inc.
2300 Kroger Building
1014 Vine Street
Cincinnati, OH  45202
Tele  (513) 381-6600
Fax   (513) 381-4150
E-Mail:  mbyrne@jksmlaw.com

---

unlawful acts.

[2]    Wilhelm's testimony would also be a violation of this Court's previous order and
should be excluded as the Court stated that "evidence regarding Plaintiff's
claimed emotional distress no longer is relevant to this matter."  (Doc. 39 Order,
p. 30)

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jennifer Lynn Branch | Robert Franklin Laufman |
| Laufman & Gerhardstein | Laufman & Gerhardstein |
| Attorney for Plaintiff Stanley Herbert Herbert | Attorney for Plaintiff Stanley |
| 1409 Enquirer Building | 1409 Enquirer Building |
| 617 Vine Street | 617 Vine Street |
| Cincinnati, OH  45202 | Cincinnati, OH  45202 |
| Jbranch@laufgerhard.com | rlaufman@laufgerhard.com |

I also hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

James A. Hunt, Hunt
Nichols & Schwartz
Attorney for Defendant Quentin Klute
97 Main Street
Batavia, Ohio  45103

/S/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
Attorney for Defendant
Milford Towing & Service, Inc.