UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY HERBERT | : | CASE NO. C-1-00-855 |
| Plaintiff, | : | Magistrate Judge Hogan |
| vs. | : | |
| | : | PLAINTIFF'S RESPONSE TO |
| MILFORD TOWING & SERVICE, INC., | : | DEFENDANTS MOTION IN |
| et. al, | : | LIMINE TO EXCLUDE EFIDENCE |
| | : | OF PLAINTIFF'S EMOTIONAL |
| Defendants. | : | DISTRESS |

Defendants have filed a motion in limine to exclude any evidence relating to plaintiff's emotional distress, his visits to Clermont County Clinic for treatment or testimony of Jennifer Wilhem (Doc. 49).

As defendants acknowledge in their motion, Plaintiff's remaining claims for trial involve:

1. Plaintiffs claim for retaliation and constructive discharge under Title VII and ORC 4112.02(I)'s opposition clause.
2. A claim for retaliation under Title VII and Ohio Revised Code §4112(I)'s participation clause
3. A state law claim for post employment slander.

All three of plaintiff's claims provide for compensatory damages. 42 U.S.C. §1981a(a)(1) expressly provides for compensatory damages for intentional violations of Title VII. Likewise, Ohio Revised Code Section 4112.99 expressly provides for damages for violations of Chapter 4112. *See also, Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135 (1991). Compensatory damages are also available in defamation cases. *See Kanjuka v. MetroHealth Med. Ctr.*, 151Ohio App.3d 183 (8th Dist. 2002) ($122,000 compensatory damages for defamation).

Plaintiff is entitled to introduce evidence and testimony on his emotional distress related to his three claims. This includes testimony by his therapist, Jennifer Wilhem, who can testify

on the effect the retaliation and slander had on him emotionally. While she primarily treated him for the Post Traumatic Stress Disorder caused by the touching she can also testify about his emotional state cause by the retaliation. Likewise, plaintiff and his wife, Linda Herbert, should be permitted to testify about the effect the retaliation and defamation had on the plaintiff.

## CONCLUSION

Defendants' motion in limine to exclude any evidence relating to plaintiff's emotional distress, his visits to Clermont County Clinic for treatment or testimony of Jennifer Wilhem should be denied.

Respectfully submitted,

s/Robert F. Laufman
Robert F. Laufman (0019699)
Jennifer Branch (0038893)
Trial Attorney for Plaintiff
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
Fax: (513) 345-5543

## CERTICATE OF SERVICE

I hereby certify that on this 14th day of October, 2003, a copy of the foregoing Plaintiff's Response to Defendants' Motion in Limine to exclude any evidence relating to plaintiff's emotional distress was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance.

s/Robert F. Laufman
Robert F. Laufman, #0019699
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
FAX (513) 345-5543