UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY HERBERT | : | CASE NO. C-1-00-855 |
| Plaintiff, | : | Magistrate Judge Hogan |
| vs. | : | |
| MILFORD TOWING & SERVICE, INC., et. al, | : | **PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TOUCHING** |
| Defendants. | : | |

Defendants have filed a motion in limine (Doc. 50) to exclude all evidence of unwanted touching, grabbing. They rely on Judge Weber's Order (Doc. 39) that granted summary to defendants on plaintiff's sexual harassment claims and intentional infliction of emotional distress and denied their motions in limine as moot.

**Evidence of the underlying sexual harassment is relevant and admissible**

In his Order, at 23, Judge Weber discussed the retaliation claim and stated "Plaintiff could state a viable retaliation claim under Title VII by proving that Defendants retaliated against him for making a reasonable complaint about what a plaintiff in good faith believed to be unlawful conduct." He further stated that

> Genuine issues of material fact exist as to whether Plaintiff's opposition was reasonable, whether it was based on a good faith belief that Klute's conduct was unlawful …

Order at 23.

In *Fine v. Ryan Intern. Airlines*, 305 F.3d 746 (7th Cir. 2002), defendant filed a motion in limine to exclude testimony about the underlying sexual harassment in a retaliation action. Ryan argued that all of this testimony was irrelevant to the question of whether plaintiff was

terminated for filing her complaint. The Seventh Circuit held that evidence of the underlying sexual harassment was admissible to determining whether plaintiff in fact had a reasonable good faith belief that she was opposing discrimination. *Id.* at 754. The Seventh Circuit had previously found that evidence of underlying sexual harassment is relevant on a retaliation claim to establish that a plaintiff "reasonably believed in good faith that the practice she opposed violated Title VII." *Dunning v. Simmons Airlines, Inc.,* 62 F.3d 863, 874 (7th Cir.1995) (quoting *Alexander,* 40 F.3d at 195). In *Fine,* the jury received special verdict forms that permitted it to find for Fine only if she proved that she reasonably believed in good faith that Ryan was violating Title VII. *Id* at 754.

Respectfully submitted,

s/Robert F. Laufman
Robert F. Laufman (0019699)
Jennifer Branch (0038893)
Trial Attorney for Plaintiff
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
Fax: (513) 345-5543

**CERTICATE OF SERVICE**

      I hereby certify that on this 14th day of October, 2003, a copy of the foregoing Plaintiff's Response to Defendants' Motion in Limine to Exclude Evidence of Touching was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance.

                                            s/Robert F. Laufman
                                            Robert F. Laufman, #0019699
                                            Laufman & Gerhardstein
                                            1409 Enquirer Building
                                            617 Vine Street
                                            Cincinnati, Ohio 45202
                                            (513) 621-9100
                                            FAX (513) 345-5543