FILED
KENNETH J. MURPHY
CLERK
2003 OCT 15 AM 10: 48
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | Case No. C-1-00-855 |
| Plaintiff, | : | **JUDGE WEBER** |
| | : | **MAGISTRATE JUDGE TIMOTHY** |
| vs. | : | **HOGAN** |
| **MILFORD TOWING & SERVICE, INC., et al.,** | : | **FINAL PRETRIAL ORDER** |
| Defendants. | : | |

This action came before the Court at a Final Pretrial Conference held on the 9th day of October, 2003, at 9:30 am pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**I.  APPEARANCES:**

For Plaintiff:

   Robert F. Laufman
   Jennifer L. Branch

For Defendant Milford Towing:

   Mark Byrne

For Defendant Quentin Klute

   James A. Hunt

**II.  NATURE OF ACTION AND JURISDICTION**

   A. This is a retaliation case brought under 42 U.S.C. §2000e *et seq.* and under Ohio Chapter 4112 and for slander under Ohio common law.
   B. The jurisdiction of the Court is invoked pursuant to 42 U.S.C. §2000e-5(f). This Court has supplemental jurisdiction to hear the state claims pursuant to 28 U.S.C. § 1367.
   C. The jurisdiction of the Court is not disputed.
   D. The parties have stipulated to trial by the Magistrate Judge (Doc. 43)

### III. TRIAL INFORMATION

A. The estimated length of trial is three (3) days.

B. Trial to a jury will begin on October 27, 2003.

### IV. STATEMENT OF THE CASE:

Plaintiff Claims:

Plaintiff, Stanley Herbert was a mechanic employed by Defendant Milford Towing and Service, Inc. Don Trammel, the owner and operator of Milford Towing and Service, hired his grand-nephew, defendant Quentin Klute, to manage the repair shop of Milford Towing and Service. Defendant Klute was Mr. Herbert's immediate supervisor. In July 1999, Defendant Klute started "goosing" Mr. Herbert from behind while Mr. Herbert was bent over working on a car. Defendant Klute's touching continued daily and escalated to Defendant Klute's groping Mr. Herbert's genitals from behind. Mr. Herbert told Defendant Klute to stop touching him, but the groping continued. Finally, on September 2, 1999 Mr. Herbert confronted Defendant Klute, told him to stop touching him or he would quit. Klute became angry and changed Mr. Herbert's work assignments, work hours, and suspended him. Mr. Herbert lost two days of pay. Mr. Herbert then quit his job at Milford Towing and Service. Plaintiff claims that his working conditions were changed and he was constructively discharged because he objected to the sexual harassment. Plaintiff claims defendants retaliated in violation of Title VII and ORC Chapter 4112

On November 8, 1999, Mr. Herbert filed a discrimination charge with the Ohio Civil Rights Commission (OCRC) and with the Equal Employment Commission (EEOC) for sexual harassment and retaliation. Defendants received the notice of the OCRC discrimination charge on November 16, 1999. Shortly thereafter, Defendant Klute and Don Trammel had conversations with repair shops in the area, telling them that Mr. Herbert had filed a sex harassment charge, was a poor mechanic, and did unnecessary work on customers' cars. Plaintiff claims Defendants Klute and Milford Towing and Service retaliated against him in violation of Title VII and O.R.C. 4112 because he complained about sexual harassment.

Plaintiff also claims the Defendants slandered him in violation of Ohio common law.

Defendants Claims:

Plaintiff's claim for sex harassment under Title VII of the Civil Rights Act of 1964 has been addressed by the Court in the motion for summary judgment of Defendants. The Court issued a ruling finding in favor of the Defendants on that issue. The claim of sexual harassment will therefore not be presented at trial.

In granting that portion of the summary judgment pertaining to the Plaintiff's claim of sexual harassment, the Court also addressed a Motion In Limine filed by Defendants to preclude purported expert testimony regarding Plaintiff's emotional or mental health. The Court went on to say and to hold that "Plaintiff has produced nothing suggesting that any of his emotional distress was caused by conduct other than Defendant Klute's harassment. Given the Court's prior conclusion that Plaintiff has not stated a viable harassment claim, Plaintiff's emotional distress claim has threatened to 'substantially predominate over' the remaining retaliation claims as to which the Court does have original jurisdiction. Factual proof of the emotional distress claims would require extensive testimony about Defendant Klute's alleged conduct and Plaintiff's reaction thereto, as well as expert medical or psychological substantiation of a causal connection. Such evidence would be irrelevant to any other claim remaining before the Court and would substantially prolong the time necessary for trial." Id. at p. 29.

Defendants deny and dispute that they retaliated against Plaintiff as claimed. Defendants will offer their own testimony as well as the testimony of Gary Pauley, Rick Kellerman, Jim Jacobs and Joe Smyth to establish that the Defendants did not retaliate against the Plaintiff by reporting to these individuals that Plaintiff had filed a claim for sexual harassment. Further, Defendants contend that any statements that were made about the Plaintiff and his character or work habits were truthful statements, privileged statements and/or statements of opinions protected under the First Amendment.

V.  **TRIAL DETERMINATIONS:**

   A) **FACTS**

   1. **Admitted Facts**

The following facts are established by admissions in the pleadings or stipulations of counsel:

   1. Plaintiff was a mechanic for defendant Milford Towing and Service, Inc. He is an "employee" within the meaning of § 701(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(f) and within the meaning of O.R.C. § 4112.01(A)(3). [ANSWER ¶8]

   2. Defendant Milford Towing and Service, Inc. (Milford Towing) is an Ohio corporation, and an "employer" within the meaning of § 701(b) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) and within the meaning of O.R.C. § 4112.01(A)(2). [ANSWER ¶8]

   3. Defendant Quentin Klute was the Service Manager for the repair operation of defendant Milford Towing and Service, Inc. He was plaintiff's direct supervisor

and was an "employer" within the meaning of O.R.C. 4112.01(A)(2). [ANSWER ¶8]

4. Plaintiff was employed by defendant Milford Towing from 1989 to 1991 as a skilled automobile repair mechanic. Plaintiff was re-employed by the company in 1993. [ANSWER ¶9]

5. Defendant Milford Towing hired Defendant Quentin Klute, the grand-nephew of Don Trammel, at the Service location as manager and he was Plaintiff's immediate supervisor. [ANSWER ¶10]

6. On or about November 8, 1999, plaintiff filed a discrimination charge with the Ohio Civil Rights Commission (OCRC) and with the Equal Employment Commission (EEOC) in which he alleged sexual harassment and retaliation. [ANSWER ¶13]

7. On or about November 16, 1999, defendants received a copy of plaintiff's discrimination charge filed with the OCRC. [ANSWER ¶13]

## 2. Disputed Facts

The parties dispute the following facts.

Whether Klute changed plaintiff's hours because he complained of sexual harassment.

Whether defendant Klute told Plaintiff he had to work until 8:30 p.m. September 2, 1999 because plaintiff had complained of sexual harassment.

Whether defendant Klute suspended plaintiff without pay on September 3, 1999 and denied him holiday pay because plaintiff has complained of sexual harassment.

Whether plaintiff was constructively discharged.

Whether defendant Klute and Don Trammel conversed with other repair shops and made slanderous comments about plaintiff in retaliation for plaintiff's EEOC sexual harassment charge.

Whether plaintiff has mitigated his damages.

Whether any statements made by the Defendant are protected by privilege.

B.  **APPLICABLE PROPOSITIONS OF LAW.**

   1. **Agreed Applicable Propositions of Law**

   Under Ohio law, a cause of action for defamation consists of five elements: (1) a false and defamatory statement; (2) about plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) that was either defamatory per se or caused special harm to the plaintiff. *Davis v. Jacobs*, 126 Ohio App.3d 580, 582 (1998).

   In a Title VII retaliation case plaintiff must prove that (1) he engaged in activity protected under Title VII; (2) the exercise of the protected right was known to the employer; (3) the plaintiff suffered adverse employment action; and (4) there is a causal connection between the protected activity and the adverse employment action. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, (6th Cir.2001).

   Title VII prohibits former employers from unlawfully retaliating against former employees who have filed discrimination charges with the EEOC. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 117 S.Ct. 843 (1997)

   2. **Disputed Applicable Propositions of Law**: There are no contested issues of law other than those implicit in the foregoing issues of fact.

C.  **Witnesses**

   1. In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial:

      Stanley Herbert
      Linda Herbert
      Jennifer Wilhelm, MSW, LISW
      James McKenzie, EEOC Investigator
      William Gardner
      Mark Cruey
      Mike Jacobs
      Quentin Klute (as on cross)
      Donald Trammel (as on cross)

   2. In the absence of reasonable notice to opposing counsel to the contrary, Defendants will call, or will have available at the trial:

      Gary Pauley
      Jim Jacobs
      Rick Kellerman
      Joe Smyth

    Greg Hensley
    Jerry King
    Amy Klute
    Wilma Sue Trammell
    Francis Baird
    Ed woods

  3. The parties reserve the right to call any of the opposing parties or their listed witnesses as witnesses in their case.

  4. There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

**D.** **Expert Witnesses:**

Plaintiff – will call Jennifer Wilhelm, MSW, LISW, his treating therapist to testify as to the effect of the retaliation on his emotional condition. See above

Defendant – None

However, consistent with this Court's ruling on the Motion for Summary Judgment and Motion in Limine as discussed above, Defendants object to any testimony being offered by Jennifer Wilhelm, MSW, LISW, the introduction of Plaintiff's medical records, or testimony of Plaintiff regarding his mental distress.

**E.** **Exhibits:**

  Appendix B Joint Exhibits -- none
  Appendix C Plaintiff's Exhibits
  Appendix D Defendant Exhibits

**VI.** **Depositions**

Testimony of the following witnesses will be offered by deposition/video tapes:

  None

**VII.** **Discovery:**

Plaintiff contends that updated tax returns from the Defendant are still pending.

**VIII.** **Pending Motions**

Plaintiff intends to file a motion in limine to exclude defendants from mentioning

6

plaintiff's in voir dire, opening statements or questioning plaintiff about these convictions or introducing exhibits pertaining to this subject.

Defendants intend to file a motion in limine to exclude certain emotional distress testimony and to exclude any documents or testimony regarding the alleged physical contact between Plaintiff and Defendant's employees, and a motion for leave to add the affirmative defense of failure to mitigate damages.

## IX. SETTLEMENT EFFORTS

Plaintiff has made a demand on defendants that was rejected without a counteroffer.

**IT IS SO ORDERED**

Timothy Hogan, Magistrate Judge
United States District Court

_____
Attorney for Plaintiff

_____
Attorney for Defendant Milford Towing

_____
Attorney for Defendant Quentin Klute

## Appendix C
## Plaintiff's Exhibit List

| Plaintiff No. | Description of Exhibit |
|---|---|
| 1 | Charge of Discrimination filed with the OCRC |
| 2 | Answer of Defendants to Complaint |
| 3 | Defendant Klute's Answers to Interrogatories |
| 4 | OCRC file notes re: William Garner dated 1/31/00 |
| 5 | EEOC file notes and memos of investigator James McKenzie re: William Garner dated 10/12/00 |
| 6 | Rick Kellerman Affidavit dated 11/28/01 |
| 7 | Joe Smythe Affidavit 11/27/01 |
| 8 | William Garner Affidavit to OCRC |
| 9 | William Garner Affidavit to OCRC re-signed May 18, 2001 |
| 10 | Mike Jacobs Declaration |
| 11 | Don Trammell Affidavit to OCRC |
| 12 | Quentin Klute Affidavit to OCRC |
| 13 | Milford Service Center Memo dated April 27, 1999 re: problems with attendance and tardiness |
| 14 | Stanley Herbert's medical records |
| 15 | Stanley Herbert's pay and benefit records from Milford Towing and AAMCO |
| 16 | Stanley Herbert's medical records   October 13, 2001 to Sept 17, 2003 |

Aug-09-2002 11:56am   From-HUNT NICHOLS AND SCHWARTZ         +5137323423         T-392   P.010   F

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STANLEY HERBERT

            Plaintiff

    v.

MILFORD TOWING & SERVICE, ET. AL.
            Defendant

**DEFENDANTS' EXHIBIT LIST**

CASE NO. C-1-00-855

Presiding Judge: Herman J. Weber
Plaintiff Attorney: Robert Laufman
Defendant Attorney: James A. Hunt
Peter Strasser & Terrell Sn[y]
Courtroom Clerk

Trial Dates: 8/19/02
Court Reporter:

| Pltf. No. | Deft. No. | Date Used | Date Offered | Obj. | Adm. | Description of Exhibit |
|---|---|---|---|---|---|---|
|  | A |  |  |  |  | Federal 5-in-1 Law Posters |
|  | B |  |  |  |  | Milford Towing & Service, Inc., ch[eck] #2500 with attachments |
|  | C |  |  | - |  | Photographs of fishing trip of Plaintiff and Defendant Klute |
|  | D |  |  |  |  | 4/27/99 Memo regarding attendance/tardiness |
|  | E |  |  |  |  | State of Ohio Civil Intake Questionnaire of Plaintiff |
|  | F |  |  |  |  | EEOC Affidavit of Plaintiff Herber[t] |
|  | G |  |  |  |  | Ohio Civil Rights Commission and EEOC charge dated 11/8/99 |
|  | H |  |  |  |  | EEOC charge of discrimination dated 4/15/00 |
|  | I |  |  |  |  | EEOC Affidavit of Plaintiff Herber[t] dated 6/5/00 |
|  | J |  |  |  |  | EEOC FEDA charge resolution review dated 7/10/00 |
|  | K |  |  |  |  | EEOC file notes of Investigator James McKenzie |
|  | L |  |  |  |  | EEOC Memo to file by Investigator James McKenzie dated 10/12/00 |
|  | M |  |  |  |  | Investigator Greg Hensley file not[es] |
|  | N |  |  |  |  | Affidavit of Gary Pauley dated 11/28/01 |
|  | O |  |  |  |  | Affidavit of Rick Kellerman dated 11/28/01 |