UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | CASE NO. **C-1-00-855** |
| | : | |
| Plaintiff | : | MAGISTRATE **JUDGE HOGAN** |
| | : | |
| vs. | : | |
| | : | |
| **MILFORD TOWING & SERVICE,** | : | |
| **INC., et al.** | : | |
| | : | |
| Defendants | : | |

---

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO EXCLUDE EVIDENCE OF TOUCHING,
GRABBING, GROPING, ETC.**

---

Plaintiff's only response to Defendants' request to exclude all evidence regarding touching, groping, etc. is a Seventh Circuit case entitled *Fine v. Ryan International Airlines*, 305 F.3d 746 (7th Cir. 2002). That case is inapplicable to the case herein. First, this Court is not bound by any Seventh Circuit decision and therefore should disregard any holding of that case. Second, that case is distinguishable from the case herein because in this case there is no evidence that Stanley Herbert's complaints were based upon a good faith belief that the alleged acts of the Defendant somehow violated Title VII. Third, in *Fine* there was no order as in this case which had granted summary judgment relating to the alleged acts of the Defendant's employees and finding as a matter of law that such acts did not violate Title VII. Finally, in this case, the Judge explicitly stated that the jury was not to be informed about the alleged touching, grabbing, etc. itself which was not a Title VII violation. (Doc. 39 Order at p. 23, fn. 3)

Defendants acknowledge that the trial court opined that genuine issues of fact exist as to

whether Plaintiff's opposition was reasonable and whether it was based upon a good faith belief that Defendant's agent's conduct was unlawful.  (Doc. 39 Order at p. 23)  However, the conduct at issue is that which occurred on September 2nd and September 3rd.  Any acts which occurred prior to those days are inadmissible.   Therefore, Defendants respectfully request that its motion to exclude evidence regarding touching, grabbing and groping should be granted.

RESPECTFULLY SUBMITTED,


/s/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Defendant
Milford Towing & Service, Inc.
2300 Kroger Building
1014 Vine Street
Cincinnati, OH  45202
Tele  (513) 381-6600
Fax   (513) 381-4150
E-Mail:  mbyrne@jksmlaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer Lynn Branch                          Robert Franklin Laufman
Laufman & Gerhardstein                        Laufman & Gerhardstein
Attorney for Plaintiff Stanley Herbert        Attorney for Plaintiff Stanley
Herbert
1409 Enquirer Building                        1409 Enquirer Building
617 Vine Street                               617 Vine Street
Cincinnati, OH  45202                         Cincinnati, OH  45202
Jbranch@laufgerhard.com                       rlaufman@laufgerhard.com


I also hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

James A. Hunt, Hunt
Hunt, Nichols & Schwartz
Attorney for Defendant Quentin Klute
97 Main Street
Batavia, Ohio  45103


/s/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
Attorney for Defendant
Milford Towing & Service, Inc.