UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | CASE NO. **C-1-00-855** |
| Plaintiff | : | MAGISTRATE **JUDGE HOGAN** |
| vs. | : | |
| **MILFORD TOWING & SERVICE, INC., et al.** | : | |
| Defendants | : | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO EXCLUDE ANY EVIDENCE
RELATING TO PLAINTIFF'S EMOTIONAL DISTRESS,
HIS VISITS TO CLERMONT COUNTY CLINIC FOR
TREATMENT AND TESTIMONY JENNIFER WILHELM**

      Defendants have filed a motion in limine to exclude any evidence relating to Plaintiff's emotional distress, his visits to Clermont County Clinic for treatment or testimony of Jennifer Wilhelm. The Plaintiff has filed a response arguing that Plaintiff's claims provide for compensatory damages. Plaintiff claims that his therapist Jennifer Wilhelm will be able to testify as to the effect the retaliation and slander had him emotionally. This argument is without merit. First, this Court previously in its order stated that any testimony by Jennifer Wilhelm relating to Plaintiff's emotional state was irrelevant.

      Secondly, Jennifer Wilhelm only treated Plaintiff with respect to some type of post traumatic stress disorder regarding this alleged touching that he underwent while employed at Defendant's place of business. There is not one statement throughout the medical records which

would indicate that any treatment Plaintiff received was due to alleged retaliation or slander. In fact, Jennifer Wilhelm in the medical records states that the post traumatic stress disorder was related to sexual harassment.

Third, Jennifer Wilhelm is not a witness who has been identified as an expert who can testify pursuant to Fed. R. Civ. P. 26. Instead, the Plaintiff has maintained that Jennifer Wilhelm is a treating medical provider and as such should be entitled to testify. However, that testimony, if provided, would only be permitted with respect to treatment. *Davoll v. Webb*, 194 F.3d 1116, 1138-39 (10th Cir. 1999) (a treating physician who has not been identified as an expert witness pursuant to Civil Rule 26(a)(2) may not provide testimony beyond the scope of treatment of plaintiff). Any testimony from Wilhelm regarding a causal relationship between retaliation and emotional distress would be barred as that would go beyond any testimony she would be entitled to provide as a treating medical provider. As a result, Defendants respectfully request that the medical records of Wilhelm, testimony and evidence of Plaintiff's emotional distress be barred.

RESPECTFULLY SUBMITTED,

/s/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Defendant
Milford Towing & Service, Inc.
2300 Kroger Building
1014 Vine Street
Cincinnati, OH  45202
Tele  (513) 381-6600
Fax   (513) 381-4150
E-Mail:  mbyrne@jksmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jennifer Lynn Branch | Robert Franklin Laufman |
| Laufman & Gerhardstein | Laufman & Gerhardstein |
| Attorney for Plaintiff Stanley Herbert | Attorney for Plaintiff Stanley Herbert |
| 1409 Enquirer Building | 1409 Enquirer Building |
| 617 Vine Street | 617 Vine Street |
| Cincinnati, OH  45202 | Cincinnati, OH  45202 |
| Jbranch@laufgerhard.com | rlaufman@laufgerhard.com |

I also hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

James A. Hunt, Hunt
Hunt, Nichols & Schwartz
Attorney for Defendant Quentin Klute
97 Main Street
Batavia, Ohio  45103

/s/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
Attorney for Defendant
Milford Towing & Service, Inc.