UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | CASE NO. **C-1-00-855** |
| Plaintiff | : | MAGISTRATE **JUDGE HOGAN** |
| vs. | : | |
| **MILFORD TOWING & SERVICE, INC., et al.** | : | |
| Defendants | : | |

### DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S PRETRIAL REQUEST THAT WITNESSES AND EXHIBITS BE STRICKEN

Now come Defendants, by and through counsel, and hereby submit the following memorandum in response to Plaintiff's request that Defendants' witnesses be prohibited from testifying at trial, and Defendants' exhibits be stricken.

RESPECTFULLY SUBMITTED,

/s/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Defendant
Milford & Towing Service, Inc.
2300 Kroger Building
1014 Vine Street
Cincinnati, OH  45202
Tele  (513) 381-6600
Fax   (513) 381-4150
E-Mail:  mbyrne@jksmlaw.com

## **MEMORANDUM**

During the pretrial in this case which occurred on October 15, 2003, the Plaintiff requested that certain witnesses be prohibited from testifying and some of the exhibits identified by the Defendants be stricken from the pretrial statement. Defendants respectfully believe such request should be denied.

The Plaintiff requested this Court to prohibit Gary Pauley, Jim Jacobs, Joe Smyth, Greg Hensley, Amy Klute and Ed Wood from testifying at trial. Plaintiff argued that Defendants' late identification of these witnesses somehow prejudiced the Plaintiff from pursuing any discovery relating to the same. This argument was without merit. During the course of discovery in this case, Defendant Milford Towing & Service, Inc. responded to Plaintiff's first set of interrogatories with an identification of certain witnesses. That first response occurred on or about January 10, 2001. A copy of those responses are attached hereto as Exhibit "A" and incorporated by reference. Thereafter, pursuant to the rules, Plaintiff filed a motion for summary judgment on November 30, 2001. Defendants supplied the affidavits of Gary Pauley and Jim Jacobs. On July 12, 2002, Judge Weber denied and granted in part the motion for summary judgment. (Doc. 39) A jury trial was set in a subsequent order for August 9, 2002. (Doc. 40) In an attempt to ensure that the Plaintiff was aware of all of the Defendants' witnesses, Defendants supplemented their interrogatories and identified all of the individuals which now Plaintiff complains as persons who may be called as witnesses in the case. (See, Exhibit "B") That document was served on August 1, 2002. In addition, in the proposed pretrial order that was filed on August 12, 2002, the Defendants again identified all of the individuals as witnesses they intended to call in the case. (See, Exhibit "C")

Since the date these witnesses were identified, the Plaintiff has never on any occasions asked for their depositions or sent any correspondence objecting to the presentation of these witnesses. In fact, on or about March 7, 2003, a status conference was held and this case was set for trial on October 27, 2003. (Doc. 46) During the status conference the Plaintiff never indicated that he opposed the presentation of the Defendants' witnesses or that they wished to take their depositions. It was not until the pretrial conference which occurred on October 15th, that the Plaintiff for the first time indicated that he opposed the presentation of these witnesses by the Defendants. The Defendants respectfully request that because of the undue delay by the Plaintiff in bringing this to the attention of the Court, that the Plaintiff's request be denied.

The Plaintiff has also requested that Exhibits A, B, C and M be deleted from the pretrial statement. Again, the basis for his request is that they are irrelevant. Until such time as the Court rules on the pending motions in limine so as to allow Defendants to anticipate the evidence that will be presented at trial, it is premature to strike exhibits on the basis they may be irrelevant. Therefore, Defendants respectfully request that the motion be denied.

    RESPECTFULLY SUBMITTED,

/s/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Defendant
Milford Towing & Service, Inc.
2300 Kroger Building
1014 Vine Street
Cincinnati, OH  45202
Tele  (513) 381-6600
Fax   (513) 381-4150
E-Mail:  mbyrne@jksmlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 20, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jennifer Lynn Branch | Robert Franklin Laufman |
| Laufman & Gerhardstein | Laufman & Gerhardstein |
| Attorney for Plaintiff Stanley Herbert | Attorney for Plaintiff Stanley Herbert |
| 1409 Enquirer Building | 1409 Enquirer Building |
| 617 Vine Street | 617 Vine Street |
| Cincinnati, OH  45202 | Cincinnati, OH  45202 |
| Jbranch@laufgerhard.com | rlaufman@laufgerhard.com |

      I also hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

James A. Hunt, Hunt
Hunt, Nichols & Schwartz
Attorney for Defendant Quentin Klute
97 Main Street
Batavia, Ohio  45103


      /s/ Mark J. Byrne
      **MARK J. BYRNE - #0029243**
      Attorney for Defendant
      Milford Towing & Service, Inc.