

Delivered to Court 8-9-02

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RECEIVED
AUG 1 2 2002
Hunt, Nichols & Schwartz

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | Case No. C-1-00-855 |
| Plaintiff, | : | **JUDGE WEBER** |
| vs. | : | **FINAL PRETRIAL ORDER** |
| **MILFORD TOWING & SERVICE, INC., et al.,** | : | |
| Defendants. | : | |

This action came before the Court at a Final Pretrial Conference held on the ___ day of August 2002, at _____ pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**I.    APPEARANCES:**

For Plaintiff:

   Robert F. Laufman
   Jennifer L. Branch

For Defendant Milford Towing:

   Peter J. Strasser
   Terrell B. Snyder

For Defendant Quentin Klute

   James A. Hunt

**II.    NATURE OF ACTION AND JURISDICTION**

   A. This is a retaliation case brought under 42 U.S.C. §2000e *et seq.* and under Ohio Chapter 4112 and for slander under Ohio common law.
   B. The jurisdiction of the Court is invoked pursuant to 42 U.S.C. §2000e-5(f). This Court has supplemental jurisdiction to hear the state claims pursuant to 28 U.S.C. § 1367.
   C. The jurisdiction of the Court is not disputed.

Exh C

## III. TRIAL INFORMATION

A. The estimated length of trial is three (3) days.

B. Trial to a jury will begin on August 19, 2002.

## IV. STATEMENT OF THE CASE:

Plaintiff Claims:

Plaintiff, Stanley Herbert was a mechanic employed by Defendant Milford Towing and Service, Inc. Don Trammel, the owner and operator of Milford Towing and Service, hired his grand-nephew, defendant Quentin Klute, to manage the repair shop of Milford Towing and Service. Defendant Klute was Mr. Herbert's immediate supervisor. On September 2, 1999 Mr. Herbert confronted Defendant Klute, told him to stop touching him or he would quit. Klute became angry and changed Mr. Herbert's work assignments, work hours, and suspended him. Mr. Herbert lost two days of pay. Mr. Herbert then quit his job at Milford Towing and Service. Plaintiff claims that he was constructively discharged because he objected to the sexual harassment.

On November 8, 1999, Mr. Herbert filed a discrimination charge with the Ohio Civil Rights Commission (OCRC) and with the Equal Employment Commission (EEOC) for sexual harassment and retaliation. Defendants received the notice of the OCRC discrimination charge on November 16, 1999. Shortly thereafter, Defendant Klute and Don Trammel had conversations with repair shops in the area. Plaintiff claims Defendants Klute and Milford Towing and Service retaliated against him in violation of Title VII and O.R.C. 4112 because he complained about sexual harassment. Plaintiff also claims the Defendants slandered him in violation of Ohio common law.

Defendants Claims:

Plaintiff's claim for sex harassment under Title VII of the Civil Rights Act of 1964 has been addressed by the Court in the motion for summary judgment of Defendants. The Court issued a ruling finding in favor of the Defendants on that issue. The claim of sexual harassment will therefore not be presented at trial.

In granting that portion of the summary judgment pertaining to the Plaintiff's claim of sexual harassment, the Court also addressed a Motion In Limine filed by Defendants to preclude purported expert testimony regarding Plaintiff's emotional or mental health. The Court went on to say and to hold that "Plaintiff has produced nothing suggesting that any of his emotional distress was caused by conduct other than Defendant Klute's harassment. Given the Court's prior conclusion that Plaintiff has not stated a viable harassment claim, Plaintiff's emotional distress claim has threatened to 'substantially predominate over' the remaining retaliation claims as to which the Court does have original jurisdiction. Factual proof of the emotional distress claims would require

2

extensive testimony about Defendant Klute's alleged conduct and Plaintiff's reaction thereto, as well as expert medical or psychological substantiation of a causal connection. Such evidence would be irrelevant to any other claim remaining before the Court and would substantially prolong the time necessary for trial." Id. at p. 29.

Defendants deny and dispute that they retaliated against Plaintiff as claimed. Defendants will offer their own testimony as well as the testimony of Gary Pauley, Rick Kellerman, Jim Jacobs and Joe Smyth to establish that the Defendants did not retaliate against the Plaintiff by reporting to these individuals that Plaintiff had filed a claim for sexual harassment. Further, Defendants will prove that any statements that were made about the Plaintiff and his character or work habits were truthful statements and/or statement of opinions protected under the First Amendment.

## V.    TRIAL DETERMINATIONS:

### A) FACTS

#### 1. Admitted Facts

The following facts are established by admissions in the pleadings or stipulations of counsel:

1. Plaintiff was a mechanic for defendant Milford Towing and Service, Inc. He is an "employee" within the meaning of § 701(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(f) and within the meaning of O.R.C. § 4112.01(A)(3). [ANSWER ¶8]

2. Defendant Milford Towing and Service, Inc. (Milford Towing) is an Ohio corporation, and an "employer" within the meaning of § 701(b) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b) and within the meaning of O.R.C. § 4112.01(A)(2). [ANSWER ¶8]

3. Defendant Quentin Klute, was the Service Manager for the repair operation of defendant Milford Towing and Service, Inc. He was plaintiff's direct supervisor.

4. Plaintiff was employed by defendant Milford Towing from 1989 to 1991 as a skilled automobile repair mechanic. Plaintiff was re-employed by the company in 1993. [ANSWER ¶9]

5. On or about November 8, 1999, plaintiff filed a discrimination charge with the Ohio Civil Rights Commission (OCRC) and with the Equal Employment Commission (EEOC) in which he alleged sexual harassment and retaliation. [ANSWER ¶13]

6. On or about November 16, 1999, defendants received a copy of plaintiff's discrimination charge filed with the OCRC. [ANSWER ¶13]

### 2. Disputed Facts

The parties dispute the following facts.

Whether Klute changed plaintiff's hours because he complained of sexual harassment.

Whether defendant Klute told Plaintiff he had to work until 8:30 p.m. September 2, 1999 because plaintiff had complained of sexual harassment.

Whether defendant Klute suspended plaintiff without pay on September 3, 1999 and denied him holiday pay because plaintiff has complained of sexual harassment.

Whether plaintiff was constructively discharged.

Whether defendant Klute and Don Trammel conversed with other repair shops and made slanderous comments about plaintiff.

B. **APPLICABLE PROPOSITIONS OF LAW.**

### 1. Agreed Applicable Propositions of Law

In a Title VII retaliation case plaintiff must prove that (1) he engaged in activity protected under Title VII; (2) the exercise of the protected right was known to the employer; (3) the plaintiff suffered adverse employment action; and (4) there is a causal connection between the protected activity and the adverse employment action. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, (6th Cir.2001).

### 2. Disputed Applicable Propositions of Law:

The parties do not agree on the law of defamation. There are no contested issues of law other than those implicit in the foregoing issues of fact.

C. **Witnesses**

1. In the absence of reasonable notice to opposing counsel to the contrary, plaintiff will call, or will have available at the trial:

    Stanley Herbert
    Linda Herbert

4

       Jennifer Wilhelm, MSW, LISW
       James McKenzie, EEOC Investigator
       William Gardner
       Mark Cruey
       Mike Jacobs
       Quentin Klute (as on cross)
       Donald Trammel (as on cross)

2. In the absence of reasonable notice to opposing counsel to the contrary, Defendants will call, or will have available at the trial:

       Gary Pauley
       Jim Jacobs
       Rick Kellerman
       Joe Smyth
       Greg Hensley
       Jerry King
       Amy Klute
       Wilma Sue Trammell
       Francis Baird
       Ed Woods

3. The parties reserve the right to call any of the opposing parties or their listed witnesses as witnesses in their case.

4. There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

D. **Expert Witnesses:**

Plaintiff – will call Jennifer Wilhelm, MSW, LISW, his treating therapist to testify as to the effect of the retaliation on his emotional condition. See above

Defendant – None. However, consistent with this Court's ruling on the Motion For Summary Judgment and Motion in Limine as discussed above, Defendants object to any testimony being offered by Jennifer Wilhelm, MSW, LISW.

E. **Exhibits:**

Appendix C  Plaintiff's Exhibits
Appendix D  Defendant Exhibits

F. **Depositions**

Testimony of the following witnesses will be offered by deposition/video tapes:

5

        None

   G.   **Discovery:**

        Plaintiff has not supplemented the records from Clermont Counseling Center.

   I.   **Pending Motions**

        None

VI.   **SETTLEMENT EFFORTS**

        Plaintiff has made a demand on defendants that was rejected without a counteroffer.

   **IT IS SO ORDERED**

                                                        _____
                                                      Herman J. Weber, Judge
                                                      United States District Court

_____
Attorney for Plaintiff

_____
Attorney for Defendant Milford Towing

_____
Attorney for Defendant Quentin Klute

## Appendix C
## Plaintiff's Exhibit List

| Plaintiff No. | Description of Exhibit |
|---|---|
| | Charge of Discrimination filed with the OCRC |
| | Answer of Defendants to Complaint |
| | Defendant Klute's Answers to Interrogatories |
| | OCRC file notes |
| | EEOC file notes and memos of investigator James McKenzie |
| | Rick Kellerman Affidavit dated 11/28/01 |
| | Joe Smythe Affidavit 11/27/01 |
| | William Garner Affidavit to OCRC |
| | William Garner Affidavit to EEOC resigned May 18, 2001 |
| | Mike Jacobs Affidavit |
| | Don Trammell Affidavit to OCRC |
| | Quentin Klute Affidavit to OCRC |
| | Milford Service Center Memo dated April 27, 199 re: problems with attendance and tardiness |
| | Stanley Herbert's medical records |
| | Plaintiff's pay and benefit records from Milford Towing and AAMCO |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STANLEY HERBERT

          Plaintiff

v.

MILFORD TOWING & SERVICE, ET. AL.
          Defendant

**DEFENDANTS' EXHIBIT LIST**

CASE NO. C-1-00-855

Presiding Judge: Herman J. Weber
Plaintiff Attorney: Robert Laufman
Defendant Attorney: James A. Hunt, Peter Strasser & Terrell Snyder
Trial Dates: 8/19/02
Court Reporter:
Courtroom Clerk:

| Pltf. No. | Deft. No. | Date Used | Date Offered | Obj. | Adm. | Description of Exhibit |
|---|---|---|---|---|---|---|
| | A | | | | | Federal 5-in-1 Law Posters |
| | B | | | | | Milford Towing & Service, Inc., check #2500 with attachments |
| | C | | | - | | Photographs of fishing trip of Plaintiff and Defendant Klute |
| | D. | | | | | 4/27/99 Memo regarding attendance/tardiness |
| | E. | | | | | State of Ohio Civil Intake Questionnaire of Plaintiff |
| | F | | | | | EEOC Affidavit of Plaintiff Herbert |
| | G | | | | | Ohio Civil Rights Commission and EEOC charge dated 11/8/99 |
| | H. | | | | | EEOC charge of discrimination dated 4/15/00 |
| | I | | | | | EEOC Affidavit of Plaintiff Herbert dated 6/5/00 |
| | J | | | | | EEOC FEDA charge resolution review dated 7/10/00 |
| | K | | | | | EEOC file notes of Investigator James McKenzie |
| | L | | | | | EEOC Memo to file by Investigator James McKenzie dated 10/12/00 |
| | M | | | | | Investigator Greg Hensley file notes |
| | N | | | | | Affidavit of Gary Pauley dated 11/28/01 |
| | O | | | | | Affidavit of Rick Kellerman dated 11/28/01 |

AO 187 (Rev. 7/87) Exhibit and Witness List

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STANLEY HERBERT

Plaintiff

v.

MILFORD TOWING & SERVICE, INC., ET. AL.

Defendant

**DEFENDANTS' WITNESS LIST**

CASE NO.
C-1-00-855

| Presiding Judge | Plaintiff Attorney | Defendant Attorney |
|---|---|---|
| Herman J. Weber | Robert Laufman | James A. Hunt<br>Peter Strasser |

| Trial Dates | Court Reporter | Courtroom Clerk |
|---|---|---|
| 8/19/02 | | Terrell Snyder |

| Pltf. | Def. | Date Offered | Description of Witness |
|---|---|---|---|
| | 1 | | Gary Pauley - summary attached |
| | 2 | | Jim Jacobs - summary attached |
| | 3 | | Rick Kellerman - summary attached |
| | 4 | | Joe Smyth - summary attached |
| | 5 | | Greg Hensley - summary attached |
| | 6 | | Jerry King - summary attached |
| | 7 | | Amy Klute - summary attached |
| | 8 | | Wilma Sue Trammell - summary attached |
| | 9 | | Francis Baird - summary attached |
| | 10 | | Ed Woods - summary attached |
| | | | |
| | | | |
| | | | |
| | | | |

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STANLEY HERBERT

Plaintiff

v.

MILFORD TOWING & SERVICE, INC., ET. AL.

Defendant

**DEFENDANTS'**
**WITNESS LIST**

C A S E   N O .
C-1-00-855

**Presiding Judge**
Herman J. Weber

**Plaintiff Attorney**
Robert Laufman

**Defendant Attorney**
James A. Hunt
Peter Strasser
Terrell Snyder

**Trial Dates**
8/19/02

**Court Reporter**

**Courtroom Clerk**

| Pltf. | Def. | Date Offered | Description of Witness |
|---|---|---|---|
|  | 1 |  | Gary Pauley - summary attached |
|  | 2 |  | Jim Jacobs - summary attached |
|  | 3 |  | Rick Kellerman - summary attached |
|  | 4 |  | Joe Smyth - summary attached |
|  | 5 |  | Greg Hensley - summary attached |
|  | 6 |  | Jerry King - summary attached |
|  | 7 |  | Amy Klute - summary attached |
|  | 8 |  | Wilma Sue Trammell - summary attached |
|  | 9 |  | Francis Baird - summary attached |
|  | 10 |  | Ed Woods - summary attached |

## DESCRIPTION OF WITNESS

1. Gary Pauley – Will testify as to AAMCO overcharge allegation and Plaintiff's reputation in the community, see also Affidavit on file

2. Jim Jacobs – Will testify as to retaliation claim, see also Affidavit on file

3. Rick Kellerman – Will testify as to retaliation claim by Plaintiff, see also Affidavit on file

4. Joe Smyth – Will testify as to retaliation claim by Plaintiff, see also Affidavit on file

5. Greg Hensley – Will testify as to investigation of witnesses

6. Jerry King – Will testify as to work performance of Plaintiff

7. Amy Klute – Will testify as to her observations of the Plaintiff's behavior in the workplace environment and his relationship with Defendant Klute, see also Affidavit in Ohio Civil Rights Commission file

8. Wilma Sue Trammell – Will testify as to workplace procedures and the relationships between Plaintiff, his coworkers and Defendant Klute, also as to reputation of Plaintiff in the community

9. Francis Baird – Will testify as to workplace procedures and the relationships between Plaintiff, his coworkers and Defendant Klute, also as to reputation of Plaintiff in the community, see also Affidavit on file

10. Ed Woods – Will testify as to his observations of the workplace, the interplay between Defendant Klute and Plaintiff and Plaintiff's conversations with him regarding his relationship with Don Trammell, also testify as to Plaintiff's reputation in the community.