UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | **Case No. 1:00-CV-855** |
| Plaintiff, | : | |
| | : | **Magistrate Judge Hogan** |
| vs. | : | |
| | : | |
| **MILFORD TOWING &** | : | **PLAINTIFF'S MOTION FOR** |
| **SERVICE, et al.** | : | **SANCTIONS AND TO QUASH** |
| Defendants. | : | **SUBPOENA TO PLAINTIFF'S** |
| | : | **EMPLOYER AND** |
| | : | **MEMORANDUM IN SUPPORT** |

## MOTION

On October 20, 2003, 1 week before trial, plaintiff found out from his current employer, Construct-All, that Defendant Klute had subpoenaed Construct All for a deposition on October 22, 2003 (no time) and for employment records. Defendant has not served Plaintiff with a copy of the subpoena as of the time of this filing. Defendant has indicated that he has served others with similar subpoenas but has not served a copy of the subpoena to Plaintiff. Plaintiff now moves

1. to quash all subpoenas served by Defendant Klute, known or unknown to Plaintiff
2. to prohibit use of the documents or evidence obtained by the subpoena for impeachment or any other purpose at trial;
3. for an order requiring Defendant Klute to produce all subpoenas, documents obtained by subpoena, and any other evidence not previously disclosed to plaintiff;
4. for an order directed to James Hunt not to issue subpoenas under Federal Rule of Civil Procedure 45 in the future in any case without giving 14 days prior notice to the other party/parties in the case;

## MEMORANDUM IN SUPPORT

Federal litigation is not a game. And it is especially not a game of "gottcha." The defendant Quentin Klute is represented by James Hunt. This attorney has violated

Federal Rule of Civil Procedure 45 and should not be rewarded for his breach of the rules.

On October 15, 2003, the same day this Court held the pre-trial conference, Mr. Hunt issued a subpoena to Construct-All, plainitff's employer, commanding the company's appearance at a deposition on October 22, 2003 (no time stated) and demanding production of the following records (Exhibit 1):

> Any and all documentation relating to any relationship by and between Construct-All and Stanley Herbert for the past five (5) years, including, but not limited to, employment records, invoices and/or billing statements, subcontracting and/or servicing agreements and/or records regarding maintenance of all vehicles owned by Construct-All.

Mr. Hunt, as the attorney issuing the subpoena, failed to serve the subpoena on Plaintiff's counsel prior to its issuance, as is required by Rule 45 (b)(1) and Rule 5 (b). Rule 45(B)(1) states:

> Prior notice of any commanded production of documents and tings or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5 (b).

Plaintiff has not been served with any subpoenas issued by Mr. Hunt. Upon inquiry, Mr. Hunt revealed that another subpoena had been issued but has not served Plaintiff with a copy. Mr. Hunt stated the subpoenas were mailed to Plaintiff, but as of October 20th, none have been received by mail.

Furthermore, Mr. Hunt revealed that the records requested in the second subpoena have already been produced to him. He faxed Plaintiff with a copy. (Exhibit 1) However, it is now too late for Plaintiff to quash the subpoena. The failure to notify

2

Plaintiff of the subpoenas is a clear violation of Rule 45. Therefore, Plaintiff requests several remedies.

**Quash the Subpoena and Prohibit use of the documents**

The subpoenas were not served on Plaintiff prior to their issuance in violation of Rule 45 (b) (1). Rule 45 makes clear that "Prior notice of any commanded production of documents . . . before trial shall be served on each party . . ." "Prior notice" means prior to the service of the subpoena *duces tecum* rather than prior to production. *Biocore Medical technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660 (D. Kan. 1998). *See also, Schweizer v. Mulvehill*, 93 F. Supp.2d 376 (S.D. NY 2000); *Anderson v. Government of Virgin Islands*, 180 F.R.D. 284 (Virgin Islands 1998) (mere notice not sufficient; notice must be prior to service); *Spencer v. Steinman*, 179 F.R.D. 484 (PA 1998) (paralegal's issuance of subpoena without prior notice to all parties violated Rule 45 and because supervising attorney signed the subpoenas and directed them to be issued, he was directly liable for the violation). The purpose of prior notice is to "'afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents.'" *Spencer* at 488, quoting Fed. R. Civ P. 45 committee note to 1991 amendments.

Furthermore, the subpoena seeks irrelevant documents. The burden is on Defendant to prove the relevance of the documents. *American Electric Power Co., Inc. v. U.S.*, 191 F.R.D. 132 (S.D. Ohio 1999). Defendant plans to use the records to impeach Plaintiff. Such a reason is an improper use of the subpoena power. Subpoenas are not to be used for fishing expeditions. Furthermore, even if defendant was attempting to verify

back pay amounts, such evidence is irrelevant in this case, since the back pay claim does not extend beyond February 2000. Therefore, the subpoena should be quashed.

If the subpoenas are quashed, then defendant is not entitled to have the documents produced or the depositions proceed. In addition, as a sanction for the misuse of the subpoena powers entrusted to attorneys, the documents obtained by the subpoena should not be admitted as evidence nor used for impeachment or any other purpose at trial.

**Impose Sanctions ordering complete disclosure**

In *Spencer v. Steinman*, the Court found the harm of issuing subpoenas without prior notice was not cured by an apology or eventual disclosure of the records in part because the failure to give prior notice "compromised the integrity of the court's processes." *Id*. at 489. The Spencer court was concerned with the attorney's abuse of power:

> The risks attached to the misuse of the subpoena power are great. Under this delegation of public power, an attorney is licensed to access, through a non-party with no interest to object, the most personal and sensitive information about a party. By failing to receive prior notice of the information sought from the non-party, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information *prior* to its disclosure. Therefore, the loss of the opportunity to object prior to the release of the information caused injury to Steinman regardless of whether the information ultimately was turned over to his counsel.
>
> Moreover, the injury resulting from attorney misuse of the subpoena power is not limited to the harm it inflicts upon the parties. Rather, misuse of the subpoena power also compromises the integrity of the court's processes. Under Rule 45, an attorney, as an officer of the court, is delegated the power to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger. With the power to coerce production goes the "increased responsibility and liability for the misuse of the power." *Id*. When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to provide prior notice to Steinman of the subpoenas to non-parties also caused injury to the public.

Therefore, the Spencer Court ordered as sanctions that the attorney be admonished against issuing future subpoenas *duces tecum* to non-parties without prior notice and ordered the attorney to file an affidavit that all documents produced pursuant to subpoena have been produced. Additionally, the attorney was ordered to pay attorney fees to the attorney brining the violation to the attention of the Court. *Id*. at 489.

In *Mann v. University of Cincinnati*, 152 F.R.D. 119 (S.D. Ohio 1993) counsel[1] for UC issued a subpoena and gave 7 days prior notice to plaintiff's counsel before the due date for answering the subpoena. However, defense counsel secretly obtained the requested medical records prior to the subpoena due date thereby giving plaintiff's counsel no time to object prior to the disclosure. UC's counsel also hid from the court during a hearing that she had already copied parts of the medical file. The court held that the court had wide discretion in sanctioning the attorney's behavior. *Id*. at 126. The Court noted it had "inherent power to impose a variety of sanctions on both litigants and attorneys." *Id*. The sanctions could be imposed for the purpose of deterrence of future litigants and for compensatory and punitive purposes. *Id*. The Court ordered as sanctions UC and its attorney were jointly liable for paying damages to plaintiff in the amount of $2,500 and for paying fees of $3,300 to her attorney. Additionally, the Court prohibited UC from using any of the subpoenaed documents. Furthermore, the Court ordered:

> As required by Rule 45 and the general practices of this Court, defendants and their counsel must provide at least fourteen days notice to opposing counsel on all future subpoenas . . . .

While the sanctions in *Mann* were broad, the Court found them appropriate, especially since defendants showed no remorse, since the Court wanted to deter defendants and others from violating Rule 45.

5

In light of these precedents, Plaintiff respectfully requests that the Court impose the following sanctions in order to deter counsel from violating Rule 45 again:

1. order Defendant Klute to produce all subpoenas, documents obtained by subpoena, and any other evidence not previously disclosed to plaintiff;

2. order James Hunt not to issue subpoenas under Federal Rule of Civil Procedure in the future without giving 14 days prior notice to the other party/parties in the case;

Hopefully with these sanctions in place, attorneys will follow Rule 45 and ceases to use litigation tactics that are unfair.

Respectfully submitted,

s/Jennifer L. Branch
Robert F. Laufman (0019699)
Jennifer Branch (0038893)
Trial Attorney for Plaintiff
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
Fax: (513) 345-5543
Jbranch@laufgerhard.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2003, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing and the notice of electronic filing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance.

<u>s/Jennifer L. Branch</u>
Attorney for Plaintiff

Case 1:00-cv-00855-TSH-TSH    Document 65    Filed 10/20/2003    Page 7 of 7