UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY HERBERT, | : | Case No. C-1-00-855 |
| | : | |
| Plaintiff, | : | Magistrate Judge Hogan |
| | : | |
| vs. | : | |
| | : | PLAINTIFF'S PROPOSED JURY |
| MILFORD TOWING & SERVICE, | : | INSTRUCTIONS |
| INC, et al. | : | |
| | : | |
| Defendants. | | |

    Plaintiff requests the attached proposed jury instructions, Numbers 1 - 9 and the proposed special verdict form be given to the jury by the Court. These are not intended as a complete set of instructions but rather to propose text for only the most important instructions. Plaintiff reserves the right to offer additional jury instructions after reviewing the instructions proposed by the Defendant as may be permitted by the Court.

Respectfully submitted,

s/Robert F. Laufman
Robert F. Laufman (0019699)
Jennifer Branch (0038893)
Trial Attorney for Plaintiff
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
Fax: (513) 345-5543

**CERTICATE OF SERVICE**

      I hereby certify that on this 20th day of October, 2003, a copy of the foregoing Plaintiff's Proposed Jury Instructions was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance.

                                                    s/Robert F. Laufman
                                                  Robert F. Laufman, #0019699
                                                  Laufman & Gerhardstein
                                                  1409 Enquirer Building
                                                  617 Vine Street
                                                  Cincinnati, Ohio 45202
                                                  (513) 621-9100
                                                  FAX (513) 345-5543

INDEX

| No. | | Page |
|---|---|---|
| 1. | Statement of claims | 4 |
| 2. | Essential elements of retaliation | 5 |
| 3. | Ohio Chapter 4112 Retaliation | 8 |
| 4. | Permissible Inference of Retaliation | 9 |
| 5. | Constructive Discharge | 10 |
| 6. | Back pay | 11 |
| 7. | Compensatory damages | 12\ |
| 8. | Nominal Damages | 14 |
| 9. | Punitive damages | 15 |
|  | Verdict Form | 17 |

PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 1

STATEMENT OF CLAIMS

Plaintiff Stanley Herbert has three claims in this case.

First, he claims that Defendant Milford Towing & Service, Inc. and his supervisor defendant Quentin Klute retaliated against him for complaining about Klute's sexual harassment of him.  Plaintiff claims that defendants retaliated against him by changing his work assignments and work hours, and docking him two days pay.

Second, Mr. Herbert claims that Defendant Milford Towing & Service, Inc. and his, supervisor, defendant Quentin Klute retaliated against him because he filed a sex discrimination charge with the Ohio Civil Rights Commission.  Plaintiff's claim is that defendants retaliated by advising other employers in the area that plaintiff had filed a sex harassment charge, was a poor mechanic, and did unnecessary work on customers' cars.

Third, he claims that Defendant Milford Towing & Service, Inc. and his supervisor defendant Quentin Klute slandered him by advising other employers in the area that plaintiff was a poor mechanic and did unnecessary work on customers' cars.

Defendants deny these allegations.

PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 2

ESSENTIAL ELEMENTS OF RETALIATION[1]

The federal law known as Title VII prohibits sex harassment in the workplace. It also prohibits an employer from retaliating against an employee who complains about what he believes is sex harassment. Title VII also prohibits an employer from retaliating against a former employee who complains about what he believes is sex harassment.[2] Title VII provides as follows, in relevant part[3]:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because the employee has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

In order for Plaintiff to prevail on his claim of retaliation, he has to prove four[4] things:

1. He was engaged in a protected activity, such as complaining about what he believed was sex harassment;
2. The defendant or defendants knew that the employee complained about what he believed was sex harassment;
3. The defendant or defendants then took adverse employment action against the employee; and
4. There was a causal connection between the protected activity and the adverse employment action.

A plaintiff engages in a "protected activity" when he opposes a discriminatory practice, makes a charge of discrimination or testifies, or assists or participates in any manner in an investigation of an alleged discriminatory practice. A plaintiff is engaged in a protected activity even if he can not prove he was actually sexually harassed. He only needs to prove his opposition to an employment practice was reasonable and based on a good faith belief that the

---

[1] Federal Employment Jury Instructions §1:670.
[2] Robinson v. Shell Oil Co., 519 U.S. 337, 346, 117 S.Ct. 843 (1997).
[3] 42 U.S.C. §2000e-3(a).
[4] *Morris v. Oldham County Fiscal Court*, 2001 F.3d 784, 792 (6th Cir. 2000)

5

opposed discriminatory practices were unlawful.[5] Whether the defendants sexually harassed the Plaintiff is not for you to decide. In other words, a violation of Title VII's retaliation provision can be found whether or not the challenged practice ultimately is found to be unlawful.[6]

An "adverse employment action" can be a constructive discharge, a change in work hours, a reduction in pay, and/or a change in work assignments.[7]

When determining whether there was a "causal connection" between the protected activity and the adverse employment action, you may consider the closeness in time between the protected activity and the adverse action. Based on the closeness in time, you may infer that the adverse action was in retaliation for the protected activity.[8]

Defendant Milford Towing & Service Company is a corporation. A corporation can act only through its officers and employees. Any act or omission of an officer or an employee of a corporation, within the scope of his employment is the act or omission of the company.[9]

An act of an employee is within "the scope of his employment" if his act was fairly and naturally incidental to the employer's business that was assigned to the employee and the act was done while the employee was engaged in the employer's business with the view of furthering the employer's interest.[10]

Therefore, if you find that Quentin Klute retaliated against Mr. Herbert you must find that both he and Milford Towing & Service Co. are liable for his actions. Additionally, if you find that Don Trammel retaliated against Plaintiff or defamed plaintiff, you must find that Milford Towing & Service Co. is liable for his actions.

---

[5] *Johnson v. University of Cincinnati*, 215 F.3cd, 561, 578-79 (6th Cir. 2000), *cert. denied*, 531 U.S. 1052 (2000)
[6] *Johnson v. University of Cincinnati*, 215 F.3cd, 561, 579-80 (6th Cir. 2000), *cert. denied*, 531 U.S. 1052 (2000), quoting *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1312 (6th Cir. 1989).
[7] See Order, Doc. 39.
[8] *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 364 (6th Cir. 2001)
[9] *E.E.O.C. v. Wal-Mart Stores, Inc.*, 11 F. Supp.2d 1313, 1321 (D.N.M. 1998).

---

[10] E.*E.O.C. v. Wal-Mart Stores, Inc*., 11 F. Supp.2d 1313, 1321 (D.N.M. 1998).

PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 3

OHIO CHAPTER 4112 RETALIATION

Ohio law, Ohio Revised Code Chapter 4112, prohibits retaliation in response to a complaint of sexual harassment in the workplace. Ohio law and Title VII are similar so that if you find a violation of Title VII you must also find a violation of Chapter 4112.[11]

---

[11] *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St.2d 192, 196 (1981).

PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 4

**<u>PERMISSIBLE INFERENCE OF RETALIATION</u>[12]**

You may find that Mr. Herbert's protected activity was a motivating factor in defendants' decision to change his hours and suspend him if it has been proved by the preponderance of the evidence that a defendant's stated reason(s) for its decisions are not the true reasons, but are a "pretext" to hide retaliatory motivation.

---

[12] *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1236-1237 (10th Cir. 2002) (based on Eights Circuit Court of Appeals' Model Instruction 5.95). It is reversible error to refuse to give permissible inference instructed when requested.

PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 5

CONSTRUCTIVE DISCHARGE[13]

An employee is constructively discharged, and thus suffers an "adverse employment action" under the Title VII and ORC 4112, if a reasonable person under the same or similar circumstances would consider the working conditions so intolerable that he feels compelled to resign.

---

[13] Federal Employment Jury Instructions §2:300.

PLAINTIFF'S PROPOSED JURY INSTRUCTION No. 6

BACK PAY[14]

In the event you are convinced that one or both Defendants retaliated against Plaintiff and that Plaintiff was constructively discharged on September 3, 1999, then you must determine the amount of lost back pay Plaintiff sustained.

In determining this amount of back pay, you must make several calculations:

1. First, calculate the amount of pay and bonuses Plaintiff would have earned had he remained employed until he was employed by AAMCO.
2. Then, calculate the value of the employee benefits Plaintiff would have had if he had remained employed by Defendant to the date of his employment by AAMCO.
3. Then subtract the amount Plaintiff earned in other employment, if any, between the date of discharge from Defendant and the beginning of employment with AAMCO.
4. The final sum is the amount of back pay you should award Plaintiff on the verdict form.

---

[14] Federal Employment Jury Instructions §8:920.  Adopted from *Model Jury Instructions (Civil) Eighth Circuit* § 5.02 (1999).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

COMPENSATORY DAMAGES[15]

If you find for the Plaintiff on any of his claims, you may award as compensation such sum of money as you may determine.  In considering the amount of damages against the defendants to which plaintiff may be entitled, you may assess those damages that plaintiff has demonstrated to be reasonable compensation for the injury and damage that plaintiff has sustained.

You must determine an amount that is fair compensation for all of the Plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the Plaintiff whole to where he was immediately prior to his injuries -- that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are not restricted to actual loss of time, property or money; they cover both the mental and physical aspects of injury – tangible and intangible.

You may award compensatory damages only for injuries that the Plaintiff proves were caused by the Defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the Plaintiff s damages, no more and no less.  You should award compensatory damages only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much

---

[15] Pattern Jury Instructions.  U.S. Fifth Circuit District Judges Association, No. 15.2 and 15.4.  1998 Edition.

definiteness and accuracy as the circumstances permit.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence.  You may award damages for any emotional pain and suffering, mental anguish, embarrassment and loss of reputation that the Plaintiff experienced in the past or will experience in the future as a result Defendant's actions.  No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in the light of the evidence.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

NOMINAL DAMAGES[16]

If you find, after considering all the evidence presented, that the defendant(s) violated Mr. Herbert's rights or breached a duty owed to him, but that he suffered no injury as a result of this violation or breach, you may award him "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that he suffered was the deprivation of his rights under federal or state law, without any resulting physical, emotional or financial damage.

You may not award both nominal and compensatory damages to a plaintiff: either he was tangibly injured, in which chase you must award compensatory damages, or else he was not, in which case you may award nominal damages.

---

[16] Modern Federal Jury Instructions, Instruction 77-6.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

PUNITIVE DAMAGES[17]

Plaintiff is also seeking punitive damages against Defendant Milford Towing & Service, Inc. and Defendant Quentin Klute on each of his claims.  Unlike compensatory damages, which are intended to make a party whole, punitive damages are intended to punish a wrongdoer and to discourage others from committing similar acts.  Punitive damages can be awarded against either Defendant if and only if you decide to award compensatory damages against that Defendant.

Punitive damages may be awarded only where a party intentionally and maliciously injures another.  For purposes of punitive damages, "maliciously" means with anger, hatred, ill will, or a spirit of revenge, or with a conscious disregard for the rights of others that has a great probability of causing substantial harm.  For his federal retaliation claims, Mr. Herbert must establish his entitlement to punitive damages by a preponderance of the evidence.

Punitive damages can only be awarded against Defendant Milford Towing & Service Co. for the actions of an employee who was employed in a managerial capacity and who was acting within the scope of his employment.  A person is a managerial employee if he has the stature and authority to exercise control, discretion and independent judgment over a certain area of a business, including personnel, or has some power to set policies for the company.[18]  Therefore if you find Quentin Klute and/or Don Trammel committed acts that would give rise to punitive damages and you find Klute and/or Trammel was a managerial employee, then you must find Milford Towing liable for punitive damages.

An act of an employee is within "the scope of his employment" if his act was fairly and naturally incidental to the employer's business that was assigned to the employee and the act was

---

[17] *Lassiter v. Lassiter*, Civil No. C-1-98-862 as given by Judge Dlott on February 7, 2002.

done while the employee was engaged in the employer's business with the view of furthering the employer's interest. [19]

---

[18] *E.E.O.C. v. Wal-Mart Stores, Inc.*, 11 F. Supp.2d 1313, 1321 (D.N.M. 1998).
[19] *E.E.O.C. v. Wal-Mart Stores, Inc.*, 11 F. Supp.2d 1313, 1321 (D.N.M. 1998).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY HERBERT | : | Case No. C-1-00-855 |
| | : | |
| Plaintiff, | : | Magistrate Judge Hogan |
| | : | |
| vs. | : | |
| | : | <u>VERDICT FORM</u> |
| MILFORT TOWING & SERVICE, et al. | : | |
| | : | |
| | : | |
| Defendants. | | |

### **RETALIATION FOR OPPOSING SEXUAL HARASSMENT**

1. Do you find, based on a preponderance of the evidence, that Plaintiff has proven that his claim that Defendant Quentin Klute or Milford Towing and Service Co. (acting through its employee Quentin Klute) retaliated against him because he complained of sexual harassment on September 2, 1999?

    Yes _____        No____

    IF YOU ANSWER NO, GO TO QUESTION # 6.

2. If you answered Yes to No. 1, do you find that Stanley Herbert was constructively discharged from his job at Milford Towing & Service Co.?

    Yes _____        No____

    If so, what amount of back pay do you find Stanley Herbert is owed?

    $ _____

3. If you answered Yes to No. 1, do you find that Stanley Herbert is entitled to an award of compensatory damages or nominal damages?

    Yes _____        No____

    If so, what amount of compensatory or nominal damages would fairly compensate Stanley Herbert for his injuries?

    $ _____

17

4. If you awarded back pay in No. 2 or damages in No. 3, do you find that Stanley Herbert is entitled to punitive damages against Milford Towing for its action or the actions of its managerial employees?

   Yes _____          No____

   If so, what amount of punitive damages should be awarded against Milford Towing?

   $ _____

5. If you awarded back pay in No. 2 or damages in No. 3, do you find that Stanley Herbert is entitled to punitive damages against Quentin Klute?

   Yes _____          No____

   If so, what amount of punitive damages should be awarded against Quentin Klute?

   $ _____

**RETALIATION FOR COMPLAINT TO OCRC**

6. Do you find that Stanley Herbert has proven that Defendant Quentin Klute or Defendant Milford Towing & Service Co. (acting through its owner Don Trammel or its employee Quentin Klute) retaliated against him because he filed a discrimination charge with the Ohio Civil Rights Commission in November 1999?

   Yes _____          No____

   IF YOU ANSWER NO, GO TO QUESTION # 10.

7. If you answered Yes to No. 6, do you find that Stanley Herbert is entitled to an award of compensatory damages or nominal damages?

   Yes _____          No____

   If so, what amount of damages would fairly compensate Stanley Herbert for his injuries?

   $ _____

18

8. If you awarded damages in No. 7, do you find that Stanley Herbert is entitled to punitive damages against Milford Towing?

   Yes _____                              No____

   If so, what amount of punitive damages should be awarded against Milford Towing?

   $ _____

9. If you awarded damages in No. 7, do you find that Stanley Herbert is entitled to punitive damages against Quentin Klute?

   Yes _____                              No____

   If so, what amount of punitive damages should be awarded against Quentin Klute?

   $ _____

EACH JUROR SHOULD SIGN BELOW

The above are the jury's unanimous verdict and answers to the special interrogatories.

Signed:

_____
Jury Foreperson

_____          _____


_____          _____


_____          _____


_____

Date: _____