# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Stanley Herbert,
      Plaintiff,

  vs                                       Case No. C-1-00-855
                                          (Hogan, M.J.)

Milford Towing & Service
Inc., et. al.,
      Defendants.

## ORDER

      This matter came before the Court for an informal discovery conference pursuant to S.D. Ohio Civ. R. 37.1. Also before the Court is Plaintiff's Motion for Sanctions and to Quash Subpoena to Plaintiff's Employer (Doc. 65). To date, no response has been filed by Plaintiff.

      Defendant Klute served a subpoena duces tecum upon Plaintiff's Employer requesting employment records for the past five years. However, Defense counsel failed to serve the subpoena on Plaintiff's counsel prior to its issuance, as is required by Rule 45 (b)(1) and Rule 5 (b). Plaintiff also served another subpoena but has not served Plaintiff with a copy. Counsel represents that the subpoenas were mailed to Plaintiff, but as of October 20, none have been received by mail. Furthermore, Defense counsel has indicated that the records requested in the second subpoena have already been produced to him and has faxed Plaintiff a copy.

      Rule 45(b)(1) states:
\*\*\*\*
Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5 (b).

Defendants represent that they do not oppose Plaintiff's motion to quash the subpoenas. Plaintiff states that they will not be seeking an award of back pay past February, 2000. As such, the information which Defendants sought through their subpoenas is irrelevant and the subpoenas are now moot.

Defendant's Motion for Sanctions and to Quash Subpoena to Plaintiff's Employer (Doc. 65) is hereby GRANTED in part. Defendant Klute's subpoenas are hereby QUASHED. Defendant Klute SHALL PRODUCE all subpoenas, documents obtained by subpoena, and any other evidence not previously disclosed to Plaintiff. Plaintiff also seeks an award of sanctions against Defense counsel. The Court is unwilling to impose sanctions at this time and as this matter is scheduled for trial commencing on October 27, 2003, said request can be addressed at that time.

SO ORDERED.

Date:   10/21/2003                        s/Timothy S. Hogan
10/21/03                                  Timothy S. Hogan
                                          United States Magistrate Judge

J:\SMITHLE\DISCOVRY\Herbert.quash.wpd