UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY HERBERT | : | CASE NO. C-1-00-855 |
| | : | |
| Plaintiff, | : | Magistrate Judge Hogan |
| | : | |
| vs. | : | |
| | : | **PLAINTIFF'S SUPPLEMENTAL** |
| MILFORD TOWING & SERVICE, INC., | : | **MEMORANDUM TO DEFENDANTS'** |
| et. al, | : | **REPLY TO EXCLUDE EFIDENCE** |
| | : | **OF PLAINTIFF'S EMOTIONAL** |
| Defendants. | : | **DISTRESS** |

Defendants filed a motion in limine to exclude any evidence relating to plaintiff's emotional distress, his visits to Clermont County Clinic for treatment or testimony of Jennifer Wilhem (Doc. 49). Plaintiff responded to this motion (Doc. 52). Defendants' Reply to plaintiff's Response (Doc. 63) raised an issue for the first time thus denying Plaintiff an opportunity to respond to this new issue.

On page 2 of their reply, defendants argue that "Jennifer Wilhem is not a witness who has been identified as an expert who can testify pursuant to Fed.R.Civ.P. 26." On July 2, 2001, Jennifer Branch wrote defendants' attorneys (Attachment A) as follows:

> As I informed Terrell last week, we will not call any expert witnesses, ***other than Stanley Herbert's treating physician, psychiatrist, psychologist and/or therapist.*** We will not retain an expert as described in Federal Rule of Civil Procedure 26(2)(B) (sic), therefore, we will not be providing an expert report. (emphasis supplied).

On August 9, 2002, the parties submitted the Joint Final Pretrial Order (Attachment B) to Judge Weber. On page 5, Plaintiff listed Jennifer Wilhem, MSW, LISW, as both a lay witness and an expert witness. The Final Pretrial Order (Doc. 56), on page 5 and 6, lists Jennifer Wilhem, MSW, LISW as both a lay witness and an expert witness, his treating therapist to testify as to the effects of the retaliation on his emotional condition.

Plaintiff met the requirement of Rule 26(a)(2)(A) that requires disclosure of any person who may be used at trial to present evidence under Rules 702, 703, or 705. Rule 26(a)(2)(B) does not require an expert's report when the expert is the treating therapist. *See, Ridder v. City of Springfield*, 1997 WL 117024 (6th Cir. 1997)(Attachment C)

## CONCLUSION

Defendants' motion in limine to exclude any evidence relating to plaintiff's emotional distress, his visits to Clermont County Clinic for treatment or testimony of Jennifer Wilhem should be denied.

Respectfully submitted,

s/Robert F. Laufman
Robert F. Laufman (0019699)
Jennifer Branch (0038893)
Trial Attorney for Plaintiff
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
Fax: (513) 345-5543

## CERTICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2003, a copy of the foregoing Plaintiff's Supplemental Memorandum was filed electronically as an attachment to Plaintiff's Motion to file a supplemental memorandum. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance.

s/Robert F. Laufman
Robert F. Laufman, #0019699
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
FAX (513) 345-5543

# LAUFMAN & GERHARDSTEIN

ATTORNEYS AT LAW

1409 ENQUIRER BUILDING
617 VINE STREET
CINCINNATI, OHIO 45202
(513) 621-9100
FAX (513) 345-5543

ROBERT F. LAUFMAN
ALPHONSE A. GERHARDSTEIN
JENNIFER L. BRANCH
PAUL M. LAUFMAN

July 2, 2001

Peter J. Strasser, Esq.
200 East Main Street
Batavia, Ohio 45103

Terrell B. Snyder, Esq.
Haynes & Snyder
196 E. Main St., Suite D
Batavia, Ohio 45103

    Re:    Herbert v. Milford Towing & Service
             S.D. Ohio Civil No. C-1-00-855

Dear Counsel:

    As I informed Terrell last week, we will not call any expert witnesses, other than Stanley Herbert's' treating physician, psychiatrist, psychologist and/or therapist. We will not retain an expert as described in Federal Rule of Civil Procedure 26 (2)(B), therefore, we will not be providing an expert report. *See*, *Ridder v. Ciy of Springfield*, 1997 WL 117024 (6th Cir. 1997). We will produce all non-privileged treating medical records, under a protective order. We have received some, but not all of these records as of today.

    I also explained to Terrell that Mr. Herbert receives mental health services through Clermont Counseling. They seem to have a lot of staff turnover. Mr. Herbert's health care professionals keep changing. For instance, his psychiatrist and his therapist both were replaced in the last week. We will call at the time of trial whomever is treating him at the time of trial. We do not anticipate calling every person who has seen him over time at Clermont Counseling.

    Therefore, we will agree to the Stipulation to Extend Time, if you amend the document (see attached).

                                    Sincerely,

                                    Jennifer L. Branch

*Delivered to Court*
*8-9-02*
*Bob's Copy*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY HERBERT | : | Case No. C-1-00-855 |
| Plaintiff, | : | **JUDGE WEBER** |
| vs. | : | **FINAL PRETRIAL ORDER** |
| MILFORD TOWING & SERVICE, INC., et al., | : | |
| Defendants. | : | |

This action came before the Court at a Final Pretrial Conference held on the ____ day of August 2002, at _____ pursuant to Rule 16 of the Federal Rules of Civil Procedure.

I. **APPEARANCES**:

For Plaintiff:

    Robert F. Laufman
    Jennifer L. Branch

For Defendant Milford Towing:

    Peter J. Strasser
    Terrell B. Snyder

For Defendant Quentin Klute

    James A. Hunt

II. **NATURE OF ACTION AND JURISDICTION**

    A. This is a retaliation case brought under 42 U.S.C. §2000e *et seq.* and under Ohio Chapter 4112 and for slander under Ohio common law.
    B. The jurisdiction of the Court is invoked pursuant to 42 U.S.C. §2000e-5(f). This Court has supplemental jurisdiction to hear the state claims pursuant to 28 U.S.C. § 1367.
    C. The jurisdiction of the Court is not disputed.

    Jennifer Wilhelm, MSW, LISW
    James McKenzie, EEOC Investigator
    William Gardner
    Mark Cruey
    Mike Jacobs
    Quentin Klute (as on cross)
    Donald Trammel (as on cross)

2. In the absence of reasonable notice to opposing counsel to the contrary, Defendants will call, or will have available at the trial:

    Gary Pauley
    Jim Jacobs
    Rick Kellerman
    Joe Smyth
    Greg Hensley
    Jerry King
    Amy Klute
    Wilma Sue Trammell
    Francis Baird
    Ed Woods

3. The parties reserve the right to call any of the opposing parties or their listed witnesses as witnesses in their case.

4. There is reserved to each of the parties the right to call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

D. **Expert Witnesses:**

Plaintiff – will call Jennifer Wilhelm, MSW, LISW, his treating therapist to testify as to the effect of the retaliation on his emotional condition. See above

Defendant – None. However, consistent with this Court's ruling on the Motion For Summary Judgment and Motion in Limine as discussed above, Defendants object to any testimony being offered by Jennifer Wilhelm, MSW, LISW.

E. **Exhibits:**

  Appendix C Plaintiff's Exhibits
  Appendix D Defendant Exhibits

F. **Depositions**

Testimony of the following witnesses will be offered by deposition/video tapes:

108 F.3d 1377 (Table)  
**Unpublished Disposition**

Page 1

**(Cite as: 108 F.3d 1377, 1997 WL 117024 (6th Cir.(Ohio)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Stephen Michael RIDDER, Plaintiff-Appellant,
v.
CITY OF SPRINGFIELD, Clark County, Gene A. Kelly, Roger Evans, Robert Marcum, Ronald Mendah, Robert Kerr, Walter J. Lawrence, Defendants-Appellees.

No. 95-3358.

March 13, 1997.

On Appeal from the United States District Court for the Southern District of Ohio, No. 90-00003; Michael R. Merz Magistrate Judge.

S.D.Ohio

AFFIRMED.

Before: SUHRHEINRICH and MOORE, Circuit Judges; McKINLEY, District Judge. [FN*]

> FN* The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

OPINION

MOORE, Circuit Judge.

**\*1** Plaintiff-Appellant Stephen M. Ridder appeals the magistrate judge's entry of summary judgment for all defendants in this 42 U.S.C. § 1983 action. For the reasons that follow, we affirm. [FN1]

> FN1. This panel also addresses in a published opinion, No. 95-4220, Ridder's appeal of sanctions imposed after judgment by the magistrate judge pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927.

I

From January 1986 through July 1988, a series of rapes occurred in and around Springfield, Ohio. In July 1988, Stephen Ridder's hand was nearly severed in an industrial accident. While physicians reattached his hand, a hospital employee identified Ridder's voice as that of her attacker. Police began investigating Ridder. He could be placed in the general area for several of the incidents and five of eight victims identified him in a lineup. Pursuant to a fourteen-count indictment, the Springfield Police Department arrested Ridder on September 8, 1988. From then until January 4, 1989, Ridder was detained in the Clark County Jail.

As of the date he was arrested, the surgical incisions on Ridder's hand had healed and there was no drainage or infection. Nonetheless, he was going to physical therapy three times a week at Miami Valley Hospital, a fact noted on Ridder's detention screening form. On September 14, 1988, Ridder was examined by Dr. Walter R. Lawrence. It is disputed whether Ridder verbally told Dr. Lawrence about his therapy, but, in any event, Dr. Lawrence saw no need for physical therapy. From mid-September through mid-October, Ridder did not attend any physical therapy sessions. In mid-October, Ridder obtained a letter from his treating physician addressing Ridder's need for therapy and follow-up surgery. Subsequent to the letter and corresponding court order, Ridder was transported to all scheduled surgical procedures and therapy sessions and was provided pain medication drugs.

On January 4, 1989, DNA tests exonerated Ridder. He was released from jail that day, and all charges against him were later dropped.

On January 4, 1990, Ridder filed a complaint against the City of Springfield, Clark County, Prosecutor Stephen A. Schumaker, [FN2] Clark County Sheriff Gene A. Kelly, Springfield Chief of Police Roger Evans, Sergeant Robert Marcum, Detectives Ronald

**(Cite as: 108 F.3d 1377, 1997 WL 117024 (6th Cir.(Ohio)))**

Mendah and Robert Kerr, and Dr. Walter Lawrence alleging several causes of action pursuant to 42 U.S.C. § 1983 (deliberate indifference to serious medical needs, denial of due process, and subjection to cruel and unusual punishment), 42 U.S.C. § 1985, and state law (medical malpractice, conspiracy, and defamation). The assigned magistrate judge, Michael R. Merz, noted several pleading deficiencies and gave Ridder the opportunity to amend the complaint. The magistrate judge subsequently dismissed most claims in the amended complaint as failing to state a claim upon which relief could be granted or as barred by qualified immunity. Ridder obtained leave and filed a second amended complaint. For this complaint, the magistrate judge granted a defense motion for a more definite statement, noting that several earlier pleading deficiencies remained. Ridder sought leave to file a third amended complaint and filed it on August 17, 1993. The magistrate judge found that complaint sufficient to proceed to discovery.

> FN2. Ridder voluntarily dismissed the appeal as to Schumaker on May 5, 1995.

**\*\*2** The scheduling order, dated February 15, 1994, specified that Ridder was to furnish expert reports to opposing counsel and the court by May 15, 1994. The magistrate judge expressly reminded counsel about the recent amendments to the Federal Rules of Civil Procedure, and directed that the expert reports "shall comply with Fed.R.Civ.P. 26(a)(2) (as amended December 1, 1993)." Scheduling Order, ¶ 5 n. 2; J.A. at 668.

On May 16, 1994, Ridder purported to comply with the required expert report disclosure, stating that for his fourteen-plus expert witnesses ("each defendant" was listed as an expert for the plaintiff), some reports had already been furnished while others would be forthcoming. The magistrate judge found that Ridder's disclosure failed to comply with Rule 26(a)(2) with respect to every witness. As no expert reports had yet been filed, the magistrate judge ordered Ridder to furnish copies of the supposedly completed reports and warned that nonconforming reports would be stricken and witnesses not permitted to testify. At that time the magistrate judge struck six names from Ridder's expert list for which no reports had been actually or supposedly filed. Ridder then filed reports as to the eight remaining experts.

Again, the magistrate judge determined that the reports did not comply with Rule 26(a)(2) and consequently struck those experts. The effect was to bar the testimony of all of Ridder's non-defendant experts.

On July 8, 1994, Ridder requested an additional thirty days to comply with Rule 26(a)(2). The magistrate judge denied the request without prejudice to renewal if Ridder made an actual showing of excusable neglect and attached complying expert reports. The issue of expert testimony then lay dormant for over six and a half months, while the discovery completion date passed. On January 23, 1995, Ridder renewed his effort to allow his experts to testify. The magistrate judge, however, disapproved of the delay and denied Ridder's renewed motion. The magistrate judge found that ignorance of amendments to the Federal Rules of Civil Procedure, especially after repeated reminders, did not amount to excusable neglect, and that Ridder's counsel had been given ample time to come into compliance. When Ridder finally resurrected the expert testimony issue, none of Ridder's proposed expert witnesses had been deposed, discovery had been completed, defendants had filed their summary judgment motions, and the trial date was only forty-two days away.

In December 1994, all defendants filed summary judgment motions. The magistrate judge struck some of Ridder's evidence in opposition of summary judgment, namely the unsworn letters of two physicians and inadmissible opinion testimony of Ridder. On February 28, 1995, the magistrate judge granted summary judgment in full to all defendants. Ridder timely appealed.

II

Ridder alleges several errors in the magistrate judge's handling of this protracted litigation. [FN3] First, Ridder asserts that the magistrate judge erred by dismissing claims against the individual police officers, the Chief of Police, and the Sheriff pursuant to the doctrine of qualified immunity. [FN4] The application of qualified immunity to a particular defendant is a question of law; our review is de novo. Long v. Norris, 929 F.2d 1111, 1114 (6th Cir.), cert. denied sub nom. Jones v. Long, 502 U.S. 863 (1991). The ultimate burden of proof is on Ridder to show that defendants are not entitled to qualified immunity. See Rich v. City of Mayfield

(Cite as: 108 F.3d 1377, 1997 WL 117024 (6th Cir.(Ohio)))

Heights, 955 F.2d 1092, 1095 (6th Cir.1992). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (citing Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982)). Ridder makes vague allegations that police officers failed to investigate fully the possibility that Ridder might not have been involved in the rapes (although they did question Ridder and make some follow-up calls), and that they withheld from a search warrant affidavit inconsistent information given by the rape victims. Ridder fails to demonstrate what clearly established law created a duty for a police officer to conduct an alibi investigation in a particular manner, or how the claimed affidavit omissions would have negated the search warrant's probable cause. Based upon the proffered evidence, it cannot be said that the officers' conduct in procuring the warrant and partially investigating Ridder's alibis violated clearly established constitutional rights.

> FN3. Some defendants assert that Ridder failed to preserve his appeal properly as to orders of the magistrate judge other than the one dated February 28, 1995, due to Ridder's failure to list other orders in his notice of appeal. This argument is not well-taken. Ridder expressly appeals from the "judgment." See Notice of Appeal; J.A. at 406. Such language is construed generally to represent the ultimate resolution of the case. Thus, Ridder preserved appellate review as to all non-moot orders rendered by the magistrate judge previously in the litigation.

> FN4. The section of Ridder's appellate brief discussing qualified immunity is entirely based on the magistrate judge's order dated March 4, 1992--an order that never took final effect. Subsequent to this order, Ridder obtained leave and filed a second amended complaint. Counsel is admonished to be mindful of which orders in the course of litigation become final and which are later superseded.

**\*\*3** Ridder is also unable to sustain his claims against the Sheriff and Chief of Police. The record provides no basis to conclude that either supervisor was personally involved in Ridder's case, or that either supervisor encouraged or knowingly acquiesced in a constitutional deprivation. Thus, the magistrate judge properly dismissed the claims against the Sheriff, the Chief of Police, and the individual officers on the basis of their qualified immunity from suit.

B

The magistrate judge was also correct in granting summary judgment as to all other claims and defendants. [FN5] We review a district court's granting of summary judgment de novo, viewing all facts and inferences in a light most favorable to the nonmoving party. Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir.1991). "[T]he nonmoving party cannot rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.' " Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

> FN5. As Ridder's appellate brief makes no mention of summary judgment as to Clark County, we conclude that Ridder has waived appellate review of this issue.

As to the City of Springfield, a municipality will be liable under § 1983 only if a person was deprived of constitutional rights pursuant to a custom, usage, or policy of that entity. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). Ridder alleges that Springfield had a policy of consistently procuring defective search warrants. Yet, Ridder puts forth no evidence of a written policy or a decision of the person with ultimate authority to establish municipal policy. Nor does Ridder present affidavits or other evidence of other persons similarly violated, which would tend to show a pattern or custom. Even after benefitting from full discovery, Ridder failed to evince a custom, usage, or policy of the City that deprived him of constitutional rights. Thus, Ridder's claim against the City of Springfield was properly dismissed.

As to Dr. Lawrence, Ridder's evidence in opposition to summary judgment is manifestly lacking.

**(Cite as: 108 F.3d 1377, 1997 WL 117024 (6th Cir.(Ohio)))**

Undoubtedly, Ridder's counsel is aware that unsworn, and even unsigned, letters do not amount to admissible evidence. Ridder has thus failed to show facts giving rise to a genuine issue concerning Dr. Lawrence's deliberate indifference to serious medical needs or medical malpractice.

While this litigation was running its course, Rule 26 of the Federal Rules of Civil Procedure was amended, with the amended rule taking effect on December 1, 1993, and governing actions then pending insofar as just and practicable. *See* 146 F.R.D. 404. Ridder argues that the application of amended Rule 26(a)(2)(B) to his case was unjust and unworkable, thereby prejudicing him to the extent that he was unable to utilize any expert testimony. [FN6] We hold otherwise. It was certainly feasible to apply the amended rule in this case, for discovery had not yet commenced when the new rule took effect. It was also just, considering that the magistrate judge alerted counsel twice to the changes in the rule and allowed Ridder two opportunities to comply. Because changes in the federal rules will be applied to pending cases to the fullest extent possible, we stress that Ridder's counsel had the responsibility to stay abreast of such changes, especially when all he had to do in this case was read the scheduling order.

> FN6. Rule 26(a)(2)(B), as amended, requires, with respect to a witness who is retained or specially employed to provide expert testimony, the disclosure of a report containing a statement of all opinions, data, exhibits, qualifications (including publications authored in the preceding ten years), compensation, and a listing of any other cases in which the witness has testified within the preceding four years.

**\*\*4** Ridder also objects to the magistrate judge's application of Rule 26(a)(2)(B) to treating physicians. We find no error with the magistrate judge's order. The plain language of the order permits Ridder's treating physicians to testify without Rule 26(a)(2)(B) expert report disclosures "so long as they do not purport to testify beyond the scope of their own diagnosis and treatment." Decision and Order; J.A. at 383. Thus, nothing precluded Ridder from submitting, in opposition to summary judgment, a properly sworn affidavit by a treating physician detailing Ridder's treatment.

We review the magistrate judge's decision to invoke Rule 37 discovery sanctions for abuse of discretion. Taylor v. Medtronics, 861 F.2d 980, 985 (6th Cir.1988). Among the factors to be considered are: (1) whether the adversary was prejudiced by the failure to cooperate in discovery; (2) whether the sanctioned party was warned; and (3) whether less drastic sanctions than dismissal were imposed or considered. Id. at 986. Here, the magistrate judge struck the expert testimony only after repeated failure to produce adequate expert reports. Ridder had been given ample warning that noncompliance with expert report disclosures would result in striking the testimony. Under the circumstances, had the magistrate judge granted Ridder's late request to renew the expert testimony issue after a six-and-a-half-month delay, the non-offending parties would likely be prejudiced. At that point, Ridder's experts had not been deposed, the trial date was six weeks away, and summary judgment motions had already been filed. We cannot hold that, by sanctioning a party who had repeatedly failed to comply with discovery provisions, the magistrate judge abused his discretion in the instant action.

C

Ridder raises other issues dealing with his ability to amend further the complaint, the alleged partiality of the magistrate judge, and what Ridder asserts to be a denial of substantial justice. We have considered those arguments and hold them to be without merit.

As to Ridder's argument that the magistrate judge erroneously held him to a heightened pleading requirement for his § 1983 claims against individual defendants, we direct counsel to Veney v. Hogan, 70 F.3d 917, 919 (6th Cir.1995) (holding that a plaintiff bringing a § 1983 action against individual government officials must satisfy a heightened standard of pleading when the defense of qualified immunity is raised), which remains the law in this circuit. Moreover, we cannot discern how Ridder was prejudiced if such a pleading error occurred, as Ridder's third amended complaint enabled the case to progress beyond the pleadings.

III

We are unable to find fault with the magistrate judge's handling and disposition of Ridder's case. Quite the contrary, we believe that the magistrate

108 F.3d 1377 (Table)
**Unpublished Disposition**

Page 5

**(Cite as: 108 F.3d 1377, 1997 WL 117024 (6th Cir.(Ohio)))**

judge gave Ridder every reasonable opportunity to litigate these claims. Ridder's counsel simply failed to follow through. We will not countenance holding the magistrate judge accountable for what were, in all respects, Ridder's counsel's shortcomings. The judgment of the magistrate judge is AFFIRMED.

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works