UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**STANLEY HERBERT,**  CASE NO. C-1-00-855
    **PLAINTIFF**  (HOGAN, M.J.)

VS.

**MILFORD TOWING & SERVICE, INC., ET AL.,**
    **DEFENDANTS**

**ORDER**

Before the Court are multiple pretrial motions: Defendant's Motion in Limine to Exclude Any Evidence Relating to Plaintiff's Emotional Distress, His Visits to Clermont County Clinic for Treatment or Testimony of Jennifer Wilhelm (Doc. 49), Plaintiff's Memorandum in Opposition (Doc. 52), Defendant's Motion for Leave to Add the Affirmative Defense of Failure to Mitigate Damages (Doc. 48), Plaintiff's Memorandum in Opposition (Doc. 51), Defendant's Motion in Limine to Exclude All Evidence of Unwanted Touching (Doc. 50), Plaintiff's Memorandum in Opposition (Doc. 53), Plaintiff's Motion in Limine on Prior Convictions (Doc. 54) and Defendant's Memorandum in Opposition (Doc. 60).

Defendant's Motion in Limine attempts to preclude Plaintiff's evidence on the subject of emotional distress because Judge Weber, in ruling on summary judgment, dismissed Plaintiff's sexual harassment claim, while retaining Plaintiff's claims for retaliation and slander. Plaintiff represents that he is voluntarily dismissing his slander claim. The second reason asserted by Defendants is that Plaintiff's emotional distress claim was dismissed. The third reason advanced is that therapist Jennifer Williams attributes Plaintiff's post-traumatic stress disorder as being caused by sexual harassment. Plaintiff's response points out that all three of Plaintiff's existing claims provide for compensatory damages. The Court cannot grant Defendant's Motion in Limine in an evidentiary vacuum, but will consider a limiting instruction at a later time so that the jury may limit the Plaintiff's emotional distress to the viable claims before the Court.

Next, we consider Defendant's Motion for Leave to Add the Failure to Mitigate Defense, which is opposed by Plaintiff on the grounds of untimeliness. The inadvertence of Defendant is balanced by the lack of prejudice on the part of Plaintiff. Because the jury instructions would contain an instruction on Plaintiff's duty to mitigate, we see no reason not to permit Defendant to

amend his Answer accordingly.

Defendant has moved the Court to exclude from the evidence base all evidence of unwanted touching between Plaintiff and Defendant's employees. Plaintiff responds with a couple of Seventh Circuit cases permitting such testimony. In a retaliation case, it is difficult, if not impossible, for any plaintiff to demonstrate that the complaint, which Plaintiff asserts is protected activity, was reasonable without some inquiry into the basis for which the complaint was made. The Court considers that restrictions upon this type of proof would unfairly limit Plaintiff in the presentation of his case and hereby denies Defendant's Motion in Limine (Doc. 50).

Lastly, Plaintiff seeks to eliminate any testimony or reference to certain misdemeanors for which he was apparently convicted under Evidence Rule 609. Neither party has disclosed to the Court the specifics of Plaintiff's prior convictions, thereby making it impossible for the Court to rule on this motion in a vacuum. The Court cannot envision admitting evidence of any misdemeanor conviction that would not involve some form of dishonesty and would caution Defendants not to imply to the jury in either voir dire or opening statement that such proof would occur. If and when the question is asked of Plaintiff, the Court would expect an objection and at that time, the Court would entertain a proffer of when and for what offense Plaintiff was convicted, and would rule appropriately at that point in the trial.

**IT IS THEREFORE ORDERED THAT**:

Defendant's Motion in Limine (Doc. 49) is DENIED. Defendant's Motion for Leave (Doc. 48) is GRANTED. Defendant's Motion in Limine (Doc. 50) is DENIED. Plaintiff's Motion in Limine (Doc. 54) is GRANTED in part and DENIED in part in accordance with the above opinion.

October 23, 2003                              s/Timothy S. Hogan
                                              Timothy S. Hogan
                                              United States Magistrate Judge

P:\TSH\Law Clerks\herbert.wpd