# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | Case No. 1:00-CV-855 |
| | : | |
| Plaintiff, | : | Judge Hogan |
| | : | |
| vs. | : | **PLAINTIFF'S REPLY TO** |
| | : | **DEFENDANT'S MEMORANDUM** |
| **MILFORD TOWING & SERVICE,** | : | **IN RESPONSE TO PLAINTIFF'S** |
| **INC., et al.,** | : | **PRETRIAL REQUEST THAT** |
| | : | **WITNESSES AND EXHIBITS BE** |
| Defendants. | : | **STRICKEN** |

At the final pretrial conference, Plaintiff moved to strike Defense witnesses and exhibits. The defense witnesses were disclosed with the August 2002 final pretrial order (Exhibit C to Doc. 64) one year after the discovery cut-off (September 3, 2001) (Doc. 6). After the discovery cut-off, Defendant filed affidavits of some of these witnesses with their motion for summary judgment (attached).

Since Plaintiff objected to Defendants' evidence at the October 15, 2003 final pretrial conference, Defendants have filed a memorandum in response (Doc. 64) and have revised their exhibit list (Doc. 71) making some issues moot. Additionally, Plaintiff has dismissed his claim for defamation, making reputation and defamation issues moot. Plaintiff seeks to clarify his objections to defendant's evidence at this juncture.

| Plaintiff's objections | Reason |
|---|---|
| **Gary Pauley** <br> **Jim Jacobs** <br> **Rick Kellerman** <br> objection to testimony beyond the affidavit submitted in summary judgment | Plaintiff was aware of the reasons witnesses were being called based on the affidavits submitted in summary judgment, however, now Defendant intends to call each for reasons beyond affidavit. Plaintiff requests each witness be excluded or at least limited to his affidavit (Exhibit C p.11 to Doc. 64). |
| **Greg Hensley** – irrelevant | Mr. Hensley is private investigator and has no first hand knowledge of the facts of the case. Defendants have not disclosed in discovery or in their witnesses lists what Mr. Hensley is a witness to. (See Discovery responses which are |

|  | attached as Ex. A to Doc. 64 and See Exhibit C p.11 to Doc. 64). |
|---|---|
| **Jerry King** – irrelevant | Defendant identified witness as witness to plaintiff's alleged horseplay, attendance, and drinking. (See Discovery responses which are attached as Ex. A to Doc. 64) This testimony is irrelevant to remaining retaliation claim. |
| **Amy Plummer Klute**<br>**Wilma Sue Trammell**<br>**Francis Baird**<br>**Ed Woods**<br>– irrelevant | Witnesses were identified for sexual harassment claim and reputation evidence. (See Discovery responses which are attached as Ex. A to Doc. 64 and See Affidavit of Amy Plummer and Francis Baird attached). These witnesses are irrelevant to remaining retaliation claim. |
| Exhibit **A** (listed on pretrial order) - irrelevant | Defendant has withdrawn this exhibit |
| Exhibit **B** (listed on pretrial order) - irrelevant and never shown to Plaintiff | Defendant has withdrawn this exhibit |
| Exhibit **C** (listed on pretrial order) - irrelevant and never shown to Plaintiff | Defendant has withdrawn this exhibit |
| Exhibit **M** (listed on pretrial order) - irrelevant and never shown to Plaintiff | Defendant has withdrawn this exhibit |

Defendants revised their Exhibit list yesterday (Doc. 71). Plaintiff reserves his objections until after Defendants produce the original exhibits H, I, and J.

For these reasons, Plaintiffs objected at the final pretrial conference to these defense witnesses and request that they be stricken or limited to their summary judgment affidavits.

Respectfully submitted,

s/ Jennifer L. Branch
Robert F. Laufman (19699)
Trial Attorney for Plaintiffs
Jennifer L. Branch (0038893)
Attorney for Plaintiffs
Laufman & Gerhardstein
617 Vine Street # 1409
Cincinnati, Ohio 45202
(513) 621-9100
Jbranch@laufgerhard.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2003, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

                                                  s/ Jennifer L. Branch
                                                  Attorney for Plaintiff