UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STANLEY HERBERT : CASE NO.: C-1-00-855
　　　　　　　　　　　　　　　　　　(DISTRICT JUDGE WEBER)
　　PLAINTIFF : (MAGISTRATE JUDGE SHERMAN)

VS. : **AFFIDAVIT OF GARY PAULEY**

MILFORD TOWING & SERVICE, INC., et. al.

　　DEFENDANTS :

STATE OF OHIO

COUNTY OF CLERMONT　　　　　　　SS:

Gary Pauley, being first duly cautioned and sworn, deposes and states:

1. That he is the owner of the AAMCO Transmission repair shop located at 1002 SR 28, Milford, Ohio 45150, and was the owner of the shop at all times mentioned herein.

2. Affiant further states that after Stanley Herbert quit his job with Milford Towing & Service, Inc. in September, 1999, Affiant hired Stanley Herbert in approximately January, 2000 to work as a mechanic in the repair shop.

3. Affiant further states that Stanley Herbert told him about the sexual harassment claim that he had filed with the EEOC against Milford Towing &


EXHIBIT A

1

Service, Inc., and that the claim was pending at the time that Stanley Herbert started working for Affiant at the AAMCO Transmission shop.

4. Affiant further states that Stanley Herbert also informed Affiant that he planned to file a law suit against Don Trammell, Quentin Klute and Milford Towing & Service, Inc..

5. Affiant further states that he also heard about the sexual harassment claim from a man named "Bob" who was a friend of Stanley Herbert.

6. Affiant further states that Quentin Klute did not call Affiant to inform him about the sexual harassment claim of Stanley Herbert. Affiant further states that at no time did he speak with Quentin Klute or Don Trammell about Stanley Herbert's sexual harassment claim. Affiant further states that neither Quentin Klute nor Don Trammell ever slandered Stanley Herbert to Affiant, nor did either of those people ever talk badly to Affiant about Stanley Herbert.

7. Affiant further states that Stanley Herbert was originally hired to work full time for Affiant at the AAMCO Transmission shop, and that after a while Stanley Herbert began performing shoddy and inadequate repair work and was chronically arriving to work late. As a result of bad workmanship and chronic tardiness, Stanley Herbert became a part time employee, and later Stanley Herbert's employment was terminated.

8. Affiant further states that sometime after Stanley Herbert was hired as an employee, two vehicles were towed in by Milford Towing & Service, Inc. for repair. Affiant further states that at one point he thought that he had been

overcharged by Milford Towing & Service, Inc. and that possibly the overcharging was in retaliation for hiring Stanley Herbert after he filed the sexual harassment claim against Milford Towing. Affiant further states that shortly thereafter, he checked with other towing companies and discovered that he had not been overcharged. Affiant further states that he was charged market rates for the service that was provided in towing the two vehicles to Affiant's shop, and that the rates were consistent with the charges that other tow truck drivers would charge for the same service.

    Further, Affiant sayeth naught.

_____
GARY PAULEY, AFFIANT

Sworn to before me and subscribed in my presence this 21 day of November, 2001.

_____
NOTARY PUBLIC



PATRICK D. McCRACKEN
Notary Public, State of Ohio
My Commission Expires
10-11-2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STANLEY HERBERT : CASE NO.: C-1-00-855
(DISTRICT JUDGE WEBER)
PLAINTIFF : (MAGISTRATE JUDGE SHERMAN)

VS. : **AFFIDAVIT OF RICK KELLERMAN**

MILFORD TOWING & SERVICE, INC., et. al.

DEFENDANTS :

STATE OF OHIO

COUNTY OF CLERMONT       SS:

Rick Kellerman, being first duly cautioned and sworn, deposes and states:

1. That he is the owner of Day Heights Auto Service, located at 1236 SR 131, Milford, Ohio 45150. Affiant further states that at all times mentioned herein he was the owner and service manager of Day Heights Auto Service, and that he has personal knowledge of all information contained in this affidavit.

2. Affiant further states that after Stanley Herbert terminated his employment with Milford Towing & Service, Inc., in September, 1999, he did stop into Affiant's service station and inquired about employment with Day Heights Auto Service. Affiant further states that at the time Stanley Herbert inquired

1

EXHIBIT B

about employment with Day Heights Auto Service, Affiant did not need to hire another mechanic and he told Affiant that he was not hiring at that time and did not need any help. Affiant further states that the foregoing was the only reason that he did not hire Stanley Herbert.

3. Affiant further states that at the time Stanley Herbert sought employment with Affiant, Affiant was not aware of a rumor through the auto repair community in Milford, Ohio, that Stanley Herbert was no longer working at Milford Towing & Service, Inc. and that there had been a problem involving Herbert's employment with Milford Towing. Affiant further states that a short time after he heard this rumor, Stanley Herbert stopped into his station looking for work. Affiant further states that the above rumor was the only information that he had regarding the separation of Stanley Herbert from his employment with Milford Towing & Service, Inc., and that the rumor had no bearing on Affiant's decision not to hire Stanley Herbert at that time. Affiant further states that he had no direct conversation with Quentin Klute or Don Trammell regarding Stanley Herbert's termination of his employment with Milford Towing & Service, Inc., before Stanley Herbert inquired about working for Affiant at Day Heights Auto Service.

4. Affiant further states that a few weeks after Stanley Herbert asked about employment at Day Heights Auto Service, Affiant did talk with Don Trammell and Don informed Affiant that Stanley Herbert had filed a complaint against him. Affiant further states that at no time did Don Trammell try to persuade Affiant not to hire Stanley Herbert.

5. Affiant further states that he did not have any conversation with Don Trammell or Quentin Klute about Stanley Herbert's employment with Milford Towing & Service, Inc., until after Stanley Herbert inquired about working with Day Heights Auto Service. Affiant further states that the information received from Don Trammell had no effect on his decision not to hire Stanley Herbert.

6. Affiant further states that he does not know the quality of work performed by Stanley Herbert, nor has he heard through the community about the quality of work performed by Stanley Herbert.

Further, Affiant sayeth naught.

*Rick Kellerman*
RICK KELLERMAN, AFFIANT

Sworn to before me and subscribed in my presence this 28 day of November, 2001.

NOTARY PUBLIC

PATRICK D. McCRACKEN
Notary Public, State of Ohio
Commission Expires
10-11-2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STANLEY HERBERT : CASE NO.: C-1-00-855
(DISTRICT JUDGE WEBER)
PLAINTIFF : (MAGISTRATE JUDGE SHERMAN)

VS. : **AFFIDAVIT OF JIM JACOBS**

MILFORD TOWING & SERVICE, INC., et. al.

DEFENDANTS :

STATE OF OHIO

COUNTY OF CLERMONT           SS:

Jim Jacobs, being first duly cautioned and sworn, deposes and states:

1. That he is the owner of Jacob's Auto Service, Inc. located at 1404 SR 131, Milford, Ohio 45150, and was the owner of Jacobs Auto Service, Inc. at all times mentioned herein.

2. Affiant further states that as the owner of Jacob's Auto Service, Inc. he was the only person with authority to hire and fire, and that nobody else has that authority, or had that authority at any time mentioned in this affidavit. Affiant further states that although Mike Jacobs is Affiant's son, and was one of Affiant's employees in the year 1999, Mike Jacobs did not have authority to hire potential

EXHIBIT C

1

employees or fire existing employees. Affiant further states that Mike Jacobs at all times mentioned in this affidavit was an employee with no management authority.

3. Affiant further states that in ~~the fall or winter of 1999~~ February of 2001 J.A.J., he did hear rumors that Stanley Herbert had terminated his employment with Milford Towing & Service, Inc.. However, Affiant further states that neither Quentin Klute nor Don Trammell ever called Affiant regarding the separation of Stanley Herbert from his employment with Milford Towing & Service, Inc.. Neither Quentin Klute nor Don Trammell ever informed Affiant regarding the circumstances of Stanley Herbert's termination of his employment with Milford Towing & Service, Inc.. At no time did either Quentin Klute or Don Trammell ever talk with Affiant to suggest to Affiant not to hire Stanley Herbert as an employee.

4. Affiant further states that there was never any communication from either Quentin Klute or Don Trammell to Affiant regarding Stanley Herbert, and that neither Quentin Klute nor Don Trammell ever said anything about Stanley Herbert that had an impact on the decision not to hire him.

Further, Affiant sayeth naught.

_____
JIM JACOBS, AFFIANT

Sworn to before me and subscribed in my presence this 28 day of November, 2001.

_____
NOTARY PUBLIC

PATRICK D. McCRACKEN
Notary Public, State of Ohio
My Commission Expires
10-11-2004

## OHIO CIVIL RIGHTS COMMISSION

| | | |
|---|---|---|
| STANLEY HERBERT | : | CASE NO: 75090399 (27976) 110899 22A |
| | | AC 1546 |
| vs. | : | |
| MILFORD TOWING & SERVICE, INC. | : | **AFFIDAVIT OF AMY PLUMMER** |

Affiant states that the information contained herein is within her personal knowledge and that she is competent to testify on the matters contained herein.

1. I, Amy Plumber, an employee at Milford Service Center, spoke with Stan Herbert only when asked to and when it was directly related to his work regarding service and repair orders.

2. On September 3, 1999, he did approach my office door and ask if I would call Sue at Milford Towing to cancel his health insurance.

3. I have worked for Milford Services for approximately 1 1/2 years and have not been approached by any employee, including Mr. Herbert, with a complaint of any form of harassment.

Further Affiant sayeth naught.

_____
Amy Plummer, Affiant

STATE OF OHIO
:SS:
COUNTY OF CLERMONT :

FRANCES SMITHSON
Notary Public, State of Ohio
My Commission Expires February 3, 2003

Sworn and subscribed before me this 27th day of December, 1999.

_____
Frances Smithson
Notary Public



EXHIBIT F

## OHIO CIVIL RIGHTS COMMISSION

STANLEY HERBERT : CASE NO: 75090399 (27976) 110899
                                               22A AO 1546

vs.

MILFORD TOWING & SERVICE, INC. : **AFFIDAVIT OF SARA F. BAIRD**

      Affiant states that the information contained herein is within her personal knowledge and that she is competent to testify on the matters contained herein.

1. I, Sara Frances Baird, have worked for Milford Service Center as an office worker since September 1996.

2. I did speak with Stanley Herbert every day about work related issues.

3. At no time did he speak to me about any harassment or any other problems concerning work.

4. I personally find Milford Service Center very enjoyable and a relaxed place to work.

5. No foul language has been used in front of me.

Further Affiant sayeth naught.

                                                                     *Sara Frances Baird*
                                                              Sara Frances Baird, Affiant

STATE OF OHIO
                      :ss:                **FRANCES SMITHSON**
COUNTY OF CLERMONT                Notary Public, State of Ohio
                                          My Commission Expires February 3, 2003

Sworn and subscribed before me this 27th day of December, 1999.

                                                                  *Frances Smithson*
                                                                   Notary Public

**EXHIBIT**
G