UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | CASE NO. **C-1-00-855** |
| | : | |
| Plaintiff | : | MAGISTRATE **JUDGE HOGAN** |
| | : | |
| vs. | : | |
| | : | **DEFENDANTS' PROPOSED** |
| **MILFORD TOWING & SERVICE,** | : | **SPECIAL JURY INSTRUCTIONS** |
|   **INC., et al.** | : | |
| | : | |
| Defendants | : | |

     Now come Defendants, by and through counsel, and pursuant to Rule 51 of the Federal

Rules of Civil Procedure, Defendants request that these special instructions 1 through 15 be

given to the jury.  Defendants reserve the right to modify, delete, or supplement these proposed

instructions in the course of trial or to withdraw any of these instructions in whole or in part at

the close of all the evidence.

     Some of the instructions have more than one paragraph.  If the Court, on proper motion

by Plaintiff, should find one sentence or paragraph in an instruction objectionable, then

Defendants ask the Court to give the remaining parts of that instruction, or to give Defendants

the opportunity to revise the instruction.

                RESPECTFULLY SUBMITTED,


              /s/ Mark J. Byrne
              **MARK J. BYRNE - #0029243**
              JACOBS, KLEINMAN, SEIBEL & MCNALLY
              Attorney for Defendant
              Milford Towing & Service, Inc.
              2300 Kroger Building
              1014 Vine Street
              Cincinnati, OH  45202
              Tele  (513) 381-6600
              Fax   (513) 381-4150
              E-Mail:  mbyrne@jksmlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer Lynn Branch
Laufman & Gerhardstein
Attorney for Plaintiff Stanley Herbert Herbert
1409 Enquirer Building
617 Vine Street
Cincinnati, OH  45202
Jbranch@laufgerhard.com

Robert Franklin Laufman
Laufman & Gerhardstein
Attorney for Plaintiff Stanley

1409 Enquirer Building
617 Vine Street
Cincinnati, OH  45202
rlaufman@laufgerhard.com

James A. Hunt, Hunt
Hunt, Nichols & Schwartz
Attorney for Defendant Quentin Klute
97 Main Street
Batavia, Ohio  45103
jimhunt@zoomtown.com


/s/ Mark J. Byrne
**MARK J. BYRNE - #0029243**
Attorney for Defendant
Milford Towing & Service, Inc.

## INDEX

<u>No</u>.                                                                      <u>Page</u>

1.      Statement of Claims                                      4
2.      Title VII                                                6
3.      Retaliation                                              7
4.      Prima Facie Case / Protected Activity                    8
5.      Reasonableness                                           9
6.      Exercise of Right Protected by Title VII
        Known to the Defendant                                   10
7.      Adverse Employment Action and Causal
        Connection                                               11
8.      Constructive Discharge                                   12
9.      Causal Connection                                        14
10.     Legitimate Business Justification                        15
11.     Pretext                                                  16
12.     Honest Belief                                            18
13.     Business Judgment                                        19
14.     Retaliation for Filing C20harge                                  20
15.     Mitigation of Damages                                    21
16.     Defendants' Proposed Jury Interrogatories                22

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 1**

**STATEMENT OF CLAIMS**

Plaintiff Stanley Herbert claims he was unlawfully discharged and retaliated against in violation of federal and state law.

First, he claims that Defendant Milford Towing & Service, Inc. and his supervisor, Defendant Quentin Klute, on September 2 and 3, 1999, retaliated against him after complaining about Klute's touching him in the mechanic shop. Plaintiff claims that Defendants retaliated against him by changing his work assignments, work hours, and docking him two days pay.

Second, Mr. Herbert claims that Defendant Milford Towing & Service, Inc. and its supervisor, Defendant Quentin Klute, retaliated against him in November of 1999 because he filed a sex discrimination charge with the Ohio Civil Rights Commission. Plaintiff's claim is that Defendants retaliated by advising other employers in the area that Plaintiff had filed a sex harassment charge, was a poor mechanic, and did unnecessary work on customers' cars.

Defendants deny these allegations. Defendants contend that no retaliation occurred. Instead, Defendants assert that Herbert was upset on September 2, 1999 because he had asked for and did not receive a pay raise. Herbert thereafter attempted to persuade the other Milford Towing employees to quit so management would be forced to give them all a raise. In addition, Defendants claim that Herbert never complained about a violation of Title VII or sexual harassment. On September 3, 1999, Plaintiff was suspended for one day because he walked off his job early on September 2, 1999 without informing his supervisor and leaving two repair jobs incomplete that required other mechanics in the shop to finish. Plaintiff is no longer employed by the Defendant Milford Towing & Service, Inc. because he decided to quit his job.

Finally, Defendants deny they retaliated against Plaintiff in November of 1999 or persuaded any third party to not hire Plaintiff.

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 2**

**<u>TITLE VII</u>**

Plaintiff claims a violation of Title VII.  Title VII provides in relevant part that:

> It shall be an unlawful employment practice for an employer to retaliate against any of its employees . . . because the employee has opposed any practice made an unlawful employment practice by [Title VII] or because he has made a charge; testified . . . or participated in any manner in an investigation proceeding or hearing under [Title VII].

Authority:     42 U.S.C. § 2000(e)-3(a)

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 3**

**RETALIATION**

Plaintiff alleges in his first claim that Defendants retaliated against him for his statement on September 2, 2002, to Quentin Klute that Klute must cease "goosing" him.  Plaintiff claims this statement was protected under Title VII.

In order to establish a case of unlawful retaliation, the Plaintiff must prove by a preponderance of the evidence the following four essential elements:  (1) that he engaged in an activity protected by Title VII; (2) the exercise of this right under Title VII as known to the Defendant; (3) the Defendant thereafter took an adverse employment action against the Plaintiff; (4) there was a causal connection between the protected activity and the adverse employment action.

Defendants dispute whether Plaintiff has proven by a preponderance of the evidence any of the four essential elements.  Thus, instructions regarding these issues will follow.

If, however, Plaintiff proves a prima facie case, then the Defendant must articulate a legitimate non discriminatory reason for the alleged adverse employment actions as defined in Special Instruction No. 10.  If the Defendant meets that burden, then Plaintiff must prove the reasons articulated by the Defendants are a pretext as defined in Special Instruction No. 11.

Authority:    *Johnson v. University of Cincinnati,* 215 F.3d 561 (6th Cir., 2000)

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 4**

**PRIMA FACIE CASE / PROTECTED ACTIVITY**

In order to meet the first prong of a prima facie case, Plaintiff must show that he engaged in activity protected by Title VII. This means Plaintiff may not be retaliated against for opposing any practice of an employer that an employee reasonably believes to be a violation of Title VII. The Plaintiff's opposition must be based upon a reasonable and good faith belief that the opposed practice was unlawful.

Authority:    *Johnson v. University of Cincinnati,* 215 F.3d 561 (6th Cir., 2000)

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 5**

**REASONABLENESS**

If the acts or statements of the Plaintiff, which he alleges are protected, do not amount to an unlawful practice which is prohibited by Title VII, there can be no Title VII violation because Plaintiff's belief as a matter of law is unreasonable. The Court in this case has already held that goosing of the type described by Plaintiff is the type of behavior not prohibited by Title VII. Thus, if the only act of which Plaintiff complained was Defendant Klute's alleged touching or as Plaintiff has termed it "goosing", then no Title VII liability may be imposed and you must find in Defendants' favor.

Authority:    *Booker v. Brown and Williamson Tobacco Co.*, 879 F.2d 1304, 1310, 1313 (6th Cir. 1989); *Johnson v. Honeywell Inf. Systems*, 955 F.2d 409 (6th Cir. 1992) (holding that plaintiff's opposition to practices of defendant which did not amount to a violation of the Elliott Larson Act could not be characterized as retaliation under the Act); *Holden v. Owens, Ill.*, 793 F.2d 745 (6th Cir.) cert. denied, 479 U.S. 1008 (1986); *Miller v. America Farming Mutual*, 203 F.2d 947 (7th Cir. 2000); *Hamner v. St. Vincent Hospital and Health Care Center*, 224 F.3d 701, 707 (7th Cir. 2000).

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 6**

**<u>EXERCISE OF RIGHT PROTECTED BY TITLE VII</u>**
**<u>KNOWN TO THE DEFENDANT</u>**

The second prong of a prima facie case requires the Plaintiff to prove by a preponderance of the evidence the Defendant knew Plaintiff was exercising a right protected under Title VII. If Plaintiff does not prove this essential element, then Plaintiff cannot prevail on his Title VII opposition claim.

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 7**

**ADVERSE EMPLOYMENT ACTION AND CAUSAL CONNECTION**

The third essential element Plaintiff must prove is that Defendants took a materially adverse employment action against the Plaintiff. A material adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or alteration of job responsibilities. A materially adverse change of employment may be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. Minimal employment actions are not materially adverse and thus not actionable.

Authority:    *Ford v. General Motors* Corp., Case No. 99-00048 (Sept. 27, 2002, 6th Cir.);
              *Bowman v. Shawnee State University*, 220 F.3d 456, 462 (6th Cir. 2000)

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 8**

**CONSTRUCTIVE DISCHARGE**

Defendant maintains that Plaintiff voluntarily quit his job.  Plaintiff alleges that the adverse employment action includes a constructive discharge on September 3, 1999.

To constitute a constructive discharge, the employer must deliberately create intolerable working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit and the employee must actually quit.  In the case of constructive discharge, working conditions must be so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.  In determining whether an environment is one that a reasonable person would find hostile, abusive or intolerable, and that the plaintiff in fact did perceive to be so, you must look at plaintiff's behavior from an objective standard.

Intolerability is not established by showing merely that a reasonable person confronted with the same choice as the employee would have viewed resignation as the wisest or best decision or even that the employee subjectively felt compelled to resign; presumably every resignation occurs because the employee believes it is in his best interest to resign.  Rather, intolerability is assessed by the objective standard of whether a reasonable person in the employee's position would have felt compelled to resign, that is, whether he had no choice but to resign.  In such circumstances, your examination should include frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's performance.  The plaintiff must show more than a Title VII violation in order to prove a constructive discharge.  The

circumstances are examined from the point of view of a reasonable member of the protected class.

Authority:    *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1080 (6th Cir. 1999); *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 887 (6th Cir. 1996) (quoting *Held v. Gulf Oil Co.*, 684 F.2d 427, 432 (6th Cir. 1982); *Hafford v. Seidner*, 183 F.3d 506,512 (6th Cir. 1999); *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993); *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 251 (6th Cir. 1998); *Yates v. Avco Corp.*, 819 F.2d 630, 636-37 & n.2 (6th Cir. 1987) (evaluating whether sexual harassment constitutes constructive discharge from the point of view of a reasonable member of the gender being harassed); *Connors v. Chrysler Financial Corp.*, 160 F.3d 971, 976 (3rd Cir. 1998).

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 9**

<u>**CAUSAL CONNECTION**</u>

In the event Plaintiff proves the first three elements of a prima facie case, he then must prove a causal connection between the alleged activity protected by Title VII and any adverse employment action.  In this case, Herbert alleges his change in work hours, his one day suspension, and his loss of holiday pay occurred because he complained about being "goosed." You are to decide if Plaintiff proved such a causal connection.

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 10**

**LEGITIMATE BUSINESS JUSTIFICATION**

Once the Plaintiff has established a prima facie case, the burden shifts to the Defendant to articulate a legitimate nondiscriminatory reason for Plaintiff's discharge. You must decide whether Defendants have asserted a *bona fide* business reason for taking the alleged actions towards Plaintiff Stanley Herbert. Because the burden of proof at all times remains with the Plaintiff, the employer need only articulate a legitimate, nondiscriminatory reason, rather than establishing by a preponderance of the evidence that its proffered reason was the real reason.

Authority:      *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501; *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981)

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 11**

**<u>PRETEXT</u>**

If you find that Defendants have articulated a legitimate nondiscriminatory reason for taking the actions it did with respect to Plaintiff, the burden shifts back to the employee to prove, by a preponderance of the evidence that the reason proffered by the employer was not its true reason, but merely a pretext for discrimination.  A pretext is more than a mistake on the part of the employer.  Pretext means a lie, specifically a phoney reason for some action.

The Plaintiff may show Defendant's reason to be a pretext for discrimination in one of three ways:

First, Plaintiff may show that the proffered reason had no basis in fact.  This first type of showing consists of evidence that the proffered basis for the Plaintiff's discharge never happened, i.e., that it was false.

Second, Plaintiff may show that the reason given by the employer was insufficient to motivate discharge.

Third, the Plaintiff may show that the employer's proffered reason did not actually motivate her discharge.  In order to make this type of showing, the Plaintiff may introduce additional evidence of discrimination.

In attempting to show that the employer's reason was but a mere pretext for discrimination, the Plaintiff cannot simply rely on her establishment of the four essential elements of age discrimination, as described in Plaintiff's Proposed Special Instruction No. 3.

16

Rather, the Plaintiff must produce additional evidence from which you may reasonably reject the

employer's explanation.

Authority:    *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501; *Manzer v. Diamond*
              *Shamrock Chemicals Co.*, 29 F.3d 1078 (6th Cir. 1994); *Richter v. Hook Super*
              *Rx, Inc.*, 142 F.3d 1024, 1029 (7th Cir. 1998)

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 12**

**HONEST BELIEF**

Defendants have also asserted they had an honest belief that the actions they took towards Plaintiff were lawful.  If you find the Defendants had an honest belief in the reasons they have asserted for taking any action towards Plaintiff, Plaintiff cannot establish the Defendants' conduct was unlawful or a pretext merely by showing the Defendants' reasons may have been incorrect.  An employer has an honest belief in its reasons for taking some adverse action against an employee where the employer reasonably relied upon the particularized facts that were before it at the time any adverse decision was made.

Authority:    *Smith v. Chrysler Corp.*, 155 F.3d 799, 806-807 (6th Cir. 1998)

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 13**

**BUSINESS JUDGMENT**

Your task is to determine whether the Defendant discriminated against Plaintiff.  You are not to substitute your judgment for Defendant's business judgment or decide this case based upon what you would have done.  However, you may consider the reasonableness or lack of reasonableness of Defendant's stated business judgment along with all the other evidence in determining whether Defendant discriminated against Plaintiff.

Authority:    *In Re Lewis*, 845 F.2d 624, 633 (6th Cir. 1988); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 (6th Cir. 2003)

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 14**

**RETALIATION FOR FILING CHARGE**

Plaintiff has also asserted that Defendants retaliated against him in violation of Title VII by convincing other third parties not to hire him in November of 1999. In order to prove that claim, Plaintiff must prove by a preponderance of the evidence the following four essential elements: (1) that he engaged in activity protected by Title VII; (2) the exercise of this right under Title VII was known to Defendant; (3) the Defendant thereafter took an adverse employment action against the Plaintiff; (4) there was a causal connection between the protected activity and the adverse employment action.

Defendants agree that by filing a charge of discrimination in November of 1999 with the Ohio Civil Rights Commission that Plaintiff engaged in an activity protected by Title VII. Defendants also agree that by November 16, 1999, the filing of this charge was known to the Defendants. However, Defendants dispute that they took any adverse employment action against the Plaintiff or that there was a causal connection between the filing of the charge and any adverse employment action suffered by Plaintiff. If Plaintiff, however, proves a prima facie case, then the Defendants must articulate a legitimate nondiscriminatory reason for the alleged adverse actions as defined in Special Instruction No. 10. If the Defendants meet that burden, then Plaintiff must prove the reasons articulated by the Defendants are a pretext as defined in Special Instruction No. 11.

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTION NO. 15**

**<u>MITIGATION OF DAMAGES</u>**

Defendants claim that Plaintiff failed to obtain a job in a timely manner and therefore failed to mitigate his damages.  Under the law, a person who has been injured has a duty to use reasonable efforts under all the circumstances and to mitigate or lessen damages and to prevent an aggravation of those injuries and to recover from those injuries.

Authority:     *Dunn v. Maxey* (1997), 118 Ohio App.3d 665.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY HERBERT** | : | CASE NO. **C-1-00-855** |
| | : | |
| Plaintiff | : | MAGISTRATE **JUDGE HOGAN** |
| | : | |
| vs. | : | |
| | : | **DEFENDANTS' PROPOSED** |
| **MILFORD TOWING & SERVICE,** | : | **JURY INTERROGATORIES** |
| INC., et al. | : | |
| | : | |
| Defendants | : | |

Defendants propose the following interrogatories be submitted to the jury.

1.    Do you find by a preponderance of the evidence that Stanley Herbert had a reasonable and good faith belief that Quentin Klute had violated Title VII when he told Quentin Klute to not touch him on September 2, 1999.

Yes _____          No _____

_____          _____

_____          _____

_____          _____

_____          _____

If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

2.    Do you find by a preponderance of the evidence that Stanley Herbert engaged in conduct protected by Title VII when he told Quentin Klute to not touch him on September 2, 1999.

Yes _____          No _____

22

_____        _____

_____        _____

_____        _____

_____        _____

If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

3.    Do you find by a preponderance of the evidence that Plaintiff Stanley Herbert was exercising a right defined under Title VII when he told Quentin Klute to not touch him on September 2, 1999.

Yes    _____                    No    _____

_____        _____

_____        _____

_____        _____

_____        _____

If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

4.    Do you find by a preponderance of the evidence that Defendants knew Stanley Herbert was exercising a right protected under Title VII when Stanley Herbert told Quentin Klute not to touch him on September 2, 1999.

Yes    _____                    No    _____

_____        _____

_____        _____

_____    _____

_____    _____

> If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

5. Do you find by a preponderance of the evidence the Defendants took a materially adverse employment action against Stanley Herbert on September 2, 1999 or September 3, 1999.

> Yes   _____                         No    _____

_____    _____

_____    _____

_____    _____

_____    _____

> If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

6. Do you find by a preponderance of the evidence that Defendants constructively discharged Stanley Herbert on September 3, 1999.

> Yes   _____                         No    _____

_____    _____

_____    _____

_____    _____

_____    _____

> If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

7.     Do you find by a preponderance of the evidence that there exists a causal
       connection between Stanley Herbert's complaints of September 2, 1999 and the
       employment action taken by Defendants on September 2, 1999 and/or September
       3, 1999.

               Yes    _____                        No    _____

       _____          _____

       _____          _____

       _____          _____

       _____          _____

               If your answer is no, then please do not complete the foregoing and sign
               the General Verdict Form in favor of the Defendants


8.     Do you find the Defendants have asserted a legitimate reason for taking any
       employment action towards Stanley Herbert on September 2, 1999 or September
       3, 1999.

               Yes    _____                        No    _____

       _____          _____

       _____          _____

       _____          _____

       _____          _____


9.     Do you find the Defendants have asserted a legitimate reason for taking any
       employment action towards Stanley Herbert on September 2, 1999 or September
       3, 1999.



               Yes    _____                        No    _____

25

_____        _____

_____        _____

_____        _____

_____        _____

10.     Do you find by a preponderance of the evidence that the reasons asserted by the Defendants for taking any employment action against Plaintiff Stanley Herbert are a pretext.

        Yes      _____                    No      _____

_____        _____

_____        _____

_____        _____

_____        _____

        If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

11.     Do you find that the Defendants had a honest belief in the reasons asserted for any employment actions they took towards Plaintiff Stanley Herbert on September 2, 1999 or September 3, 1999.

        Yes      _____                    No      _____

_____          _____

_____          _____

_____          _____

_____          _____

        If your answer is no, then please do not complete the foregoing and sign
        the General Verdict Form in favor of the Defendants

12.     Do you find the Defendants in its action towards Plaintiff exercised reasonable
        business judgment with respect to any of the events which occurred on September
        2, 1999 or September 3, 1999.

        Yes    _____               No    _____

_____          _____

_____          _____

_____          _____

_____          _____

        If your answer is no, then please do not complete the foregoing and sign
        the General Verdict Form in favor of the Defendants

13.     Do you find by a preponderance of the evidence that the Defendants took an
        adverse employment action against the Plaintiff after the Plaintiff filed a charge of
        discrimination in November of 1999.

        Yes    _____               No    _____

_____      _____

_____      _____

_____      _____

_____      _____

If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

14.    Do you find by a preponderance of the evidence that the Defendants took an adverse employment action against the Plaintiff by convincing other third parties not to hire the Plaintiff after November 16, 1999.

Yes    _____                                        No    _____

_____      _____

_____      _____

_____      _____

_____      _____

If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

15.    Do you find by a preponderance of the evidence that there was a causal connection between the filing of the charge with the Ohio Civil Rights Commission and any adverse action taken by the Defendants after November 16, 1999.

Yes    _____                                        No    _____

_____    _____

_____    _____

_____    _____

_____    _____

If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants

16.     Do you find by a preponderance of the evidence that all of the reasons asserted by the Defendants with respect to any acts taken towards Stanley Herbert after November 16, 1999 are a pretext.

Yes     _____                    No     _____

_____    _____

_____    _____

_____    _____

_____    _____

If your answer is no, then please do not complete the foregoing and sign the General Verdict Form in favor of the Defendants