UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY HERBERT | : | CASE NO. C-1-00-855 |
| Plaintiff, | : | Magistrate Judge Hogan |
| vs. | : | |
| MILFORD TOWING & SERVICE, INC., et. al, | : | **PLAINTIFF'S TRIAL BRIEF ON NEGATIVE EMPLOYMENT REFERENCES WITH PROPOSED JURY INSTRUCTION NO. 2** |
| Defendants. | : | |

In *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997), the Supreme Court held that Title VII prohibits employers from retaliating against former employees for participating in any proceeding under Title VII or opposing any practice made unlawful by that Act. The plaintiff in *Robinson* alleged that his former employer gave him a negative job reference in retaliation for his having filed an EEOC charge against it.

**A Negative Employment Reference Is An "Adverse Employment Action".**

The law is clear that in the setting of post-employment retaliation a negative employment reference is an "adverse employment action"

*Hashimoto v Dalton*, 118 F.3d 671 (9th Cir. 1997), *cert. denied,* 523 U.S. 1122 (1998), held that the Navy's retaliatory dissemination of negative employment reference when she applied for a job with the Army violated Title VII. On appeal, the government argued that a negative employment reference was not an actionable adverse personal action. The Navy argued that the only adverse action was the Army's decision not to hire Hashimoto. The Court of Appeals rejected this argument, holding

> There is little question that dissemination of adverse employment references can constitute a violation of Title VII if motivated by discriminatory intent. Thus, it is beside the point that Lowery's negative job reference was not the reason Hashimoto did not get the job with the Army. Lowery's dissemination of the negative job reference is an actionable employment decision.

*Id.* at 674.

The Navy also argued that there was not violation of Title VII because the district court found the negative reference was not the cause of the Army's decision not to hire Hashimoto. The court rejected this "no harm, no foul" argument. The Navy's dissemination of the adverse job reference violated Title VII because it was a "personnel action" motivated by retaliatory animus. That this unlawful personnel action turned out to be inconsequential goes to the issue of damages, not liability. *Id.* at 676. It concluded that "the retaliatory dissemination of a negative employment reference violates Title VII, even if the negative reference does not affect the prospective employer's decision not the hire the victim. *Id.* at 676.

In *EEOC v. L.B. Foster*, 123 F.3d 746 (3rd Cir. 1997), *cert. denied,* 522 U.S. 1147 (1998), the former employer refused to provide an employment recommendation to the prospective employer. The Third Circuit held:

> The district court improperly focused on the action of the prospective employer and not L.B. Foster in determining whether the EEOC had presented evidence of an adverse employment action. The district court concluded that "[t]here is no evidence that Foster's response to the telephone call from Johnston Pump negatively influenced Wilson's application for employment with Johnston Pump." App. at 588. However, that is not the proper test. All that is required to establish a prima facie case of retaliatory discrimination is proof (1) that the plaintiff engaged in protected activity, (2) that the employer took an adverse action against her, and (3) that a causal link exists between the protected activity and the employer's adverse action. An employer who retaliates can not escape liability merely because the retaliation falls short of its intended result. (footnote and internal cite omitted).

123 F.3d at 753-754.

In *Smith v. St. Louis*, 109 F.3d 1261 (8th Cir. 1997), the University argued that negative references are not adverse job actions. The Eighth Circuit rejected this contention.

> We think that actions short of termination may constitute adverse actions within the meaning of the statute. See, *e.g., Charlton v. Paramus Bd. of Educ.,* 25 F.3d 194, 200 (3d Cir.) ("[P]ost- employment blacklisting is sometimes more damaging than on-the-job discrimination ...."), *cert. denied,* 513 U.S. 1022, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994). If Schweiss provided negative references to Smith's potential employers, as she contends, and she demonstrates that he did so because she had complained about his harassment, then a jury could reasonably conclude that the University was liable under Title VII for retaliation.

109 F.3d at 766.

From these cases, it is clear that (1) a negative employment reference is an "adverse employment action" and (2) if the negative reference is in retaliation for protected activity the plaintiff is not required to prove that he would have been hired but for the negative reference.

Plaintiff's Revised Proposed Jury Instruction No. 2 (attached) has added the following paragraph:

> An "adverse employment action" can also include retaliatory acts designed to interfere with an individual's prospects for employment regardless of whether they cause a prospective employer to refrain from hiring the individual. A negative job reference is an adverse employment action. It is not necessary for plaintiff to prove that he would have been hired.

Respectfully submitted,

s/Robert F. Laufman
Robert F. Laufman (0019699)
Jennifer Branch (0038893)
Trial Attorney for Plaintiff
Laufman & Gerhardstein
1409 Enquirer Building
617 Vine Street
Cincinnati, Ohio 45202
(513) 621-9100
Fax: (513) 345-5543

**CERTICATE OF SERVICE**

      I hereby certify that on this 26th day of October, 2003, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served by ordinary U.S. Mail upon all parties for whom counsel has not yet entered an appearance.

                                            s/Robert F. Laufman
                                            Robert F. Laufman, #0019699
                                            Laufman & Gerhardstein
                                            1409 Enquirer Building
                                            617 Vine Street
                                            Cincinnati, Ohio 45202
                                            (513) 621-9100
                                            FAX (513) 345-5543