PLAINTIFF'S <u>REVISED</u> PROPOSED JURY INSTRUCTION No. 2

ESSENTIAL ELEMENTS OF RETALIATION[1]

The federal law known as Title VII prohibits sex harassment in the workplace. It also prohibits an employer from retaliating against an employee who complains about what he believes is sex harassment. Title VII also prohibits an employer from retaliating against a former employee who complains about what he believes is sex harassment.[2] Title VII provides as follows, in relevant part[3]:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because the employee has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

In order for Plaintiff to prevail on his claim of retaliation, he has to prove four[4] things:

1. He was engaged in a protected activity, such as complaining about what he believed was sex harassment;
2. The defendant or defendants knew that the employee complained about what he believed was sex harassment;
3. The defendant or defendants then took adverse employment action against the employee; and
4. There was a causal connection between the protected activity and the adverse employment action.

A plaintiff engages in a "protected activity" when he opposes a discriminatory practice, makes a charge of discrimination or testifies, or assists or participates in any manner in an investigation of an alleged discriminatory practice. A plaintiff is engaged in a protected activity even if he can not prove he was actually sexually harassed. He only needs to prove his opposition to an employment practice was reasonable and based on a good faith belief that the

---

[1] Federal Employment Jury Instructions §1:670.
[2] Robinson v. Shell Oil Co., 519 U.S. 337, 346, 117 S.Ct. 843 (1997).
[3] 42 U.S.C. §2000e-3(a).
[4] *Morris v. Oldham County Fiscal Court*, 2001 F.3d 784, 792 (6th Cir. 2000)

opposed discriminatory practices were unlawful.[5]  Whether the defendants sexually harassed the Plaintiff is not for you to decide. In other words, a violation of Title VII's retaliation provision can be found whether or not the challenged practice ultimately is found to be unlawful.[6]

An "adverse employment action" can be a constructive discharge, a change in work hours, a reduction in pay, and/or a change in work assignments.[7]  Other types of adverse actions include threats, reprimands, negative evaluations, harassment or other adverse treatment.[8]

An "adverse employment action" can also include retaliatory acts designed to interfere with an individual's prospects for employment regardless of whether they cause a prospective employer to refrain from hiring the individual.[9]  A negative job reference is an adverse employment action.[10]  It is not necessary for plaintiff to prove that he would have been hired.[11]

When determining whether there was a "causal connection" between the protected activity and the adverse employment action, you may consider the closeness in time between the protected activity and the adverse action.  Based on the closeness in time, you may infer that the adverse action was in retaliation for the protected activity.[12]

Defendant Milford Towing & Service Company is a corporation.  A corporation can act only through its officers and employees.  Any act or omission of an officer or an employee of a corporation, within the scope of his employment is the act or omission of the company.[13]

---

[5] *Johnson v. University of Cincinnati*, 215 F.3cd, 561, 578-79 (6th Cir. 2000), *cert. denied*, 531 U.S. 1052 (2000)
[6] *Johnson v. University of Cincinnati*, 215 F.3cd, 561, 579-80 (6th Cir. 2000), *cert. denied*, 531 U.S. 1052 (2000), quoting *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1312 (6th Cir. 1989).
[7] See Order, Doc. 39.
[8] *E.E.O.C. Compliance Manual* 8-11
[9] *E.E.O.C. Compliance Manual* at 8-12, *Hashimoto v. Dalton*, 118 F.3d 671, 676 (9th Cir. 1997). *EEOC v. L. B. Foster*, 123 F.3d  746, 754 (3rd Cir. 1997). *cert. denied,* 522 U.S. 1147 (1998),
[10] *Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997), *cert. denied,* 523 U.S. 1122 (1998),
[11] *Hashimoto* at 675-676.
[12] *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 364 (6th Cir. 2001)
[13] *E.E.O.C. v. Wal-Mart Stores, Inc.*, 11 F. Supp.2d 1313, 1321 (D.N.M. 1998).

An act of an employee is within "the scope of his employment" if his act was fairly and naturally incidental to the employer's business that was assigned to the employee and the act was done while the employee was engaged in the employer's business with the view of furthering the employer's interest.[14]

Therefore, if you find that Quentin Klute retaliated against Mr. Herbert you must find that both he and Milford Towing & Service Co. are liable for his actions. Additionally, if you find that Don Trammel retaliated against Plaintiff or defamed plaintiff, you must find that Milford Towing & Service Co. is liable for his actions.

---

[14] *E.E.O.C. v. Wal-Mart Stores, Inc.*, 11 F. Supp.2d 1313, 1321 (D.N.M. 1998).